Sean Betouliere (SBN 308645)
Shawna L. Parks (SBN 208301)
Rosa Lee Bichell (SBN 331530)
**DISABILITY RIGHTS ADVOCATES**
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
Emails: sbetouliere@dralegal.org
            sparks@dralegal.org
            rbichell@dralegal.org

Eve Hill (SBN 202178)
Neel Lalchandani (SBN 310480)
Lauren J. Kelleher*
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202-1633
Tel: (410) 962-1030
Fax: (410) 385-0869
Emails: ehill@browngold.com
            nkl@browngold.com
            lkelleher@browngold.com

Frederick P. Nisen (SBN 184089)
Karie Lew (SBN 234666)
**DISABILITY RIGHTS CALIFORNIA**
1831 K Street
Sacramento, CA 95811-4114
Tel: (916) 504-5800
Fax: (916) 504-5801
Emails: fred.nisen@disabilityrightsca.org
            karie.lew@disabilityrightsca.org

Attorneys for Plaintiffs (continued on next page)
*Pro Hac Vice* Application Forthcoming

## THE UNITED STATES DISTRICT COURT FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA COUNCIL OF THE BLIND, NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, CHRISTOPHER GRAY, RUSSELL RAWLINGS, and VITA ZAVOLI,

    Plaintiffs,

v.

SHIRLEY N. WEBER, in her official capacity as California Secretary of State,

    Defendant.

**Case No. 3:24-CV-1447**

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12131 *et seq.*)

Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794 *et seq.*)

California Government Code § 11135 *et seq.*

Melinda Bird (SBN 102236)
**DISABILITY RIGHTS CALIFORNIA**
350 S Bixel Street, Suite 290
Los Angeles, CA 90017-1418
Tel: (213) 213-8105
Fax: (213) 213-8001
Email: melinda.bird@disabilityrightsca.org

Andrea Rodriguez (SBN 290169)
Paul R. Spencer (SBN 292767)
**DISABILITY RIGHTS CALIFORNIA**
530 B Street, Suite 400
San Diego, CA 92101-4426
Tel: (619) 239-7861
Fax: (619) 239-7906
Emails: andrea.rodriguez@disabilityrightsca.org
        paul.spencer@disabilityrightsca.org

Attorneys for Plaintiffs (continued from previous page)

**INTRODUCTION**

1.    Plaintiffs Christopher Gray, Russell Rawlings, Vita Zavoli, the California Council of the Blind, and the National Federation of the Blind of California bring this action to challenge discrimination against voters with print disabilities[1] in California's vote-by-mail program.

2.    California voters with print disabilities, like other U.S. citizens across the country, are proud to exercise the right to vote for their elected representatives, and for or against policies that impact their lives.

3.    In recent elections, record numbers of California voters have cast their ballots by mail. As part of an effort to increase voting access, the option to vote by mail is now enshrined as a permanent feature of the State's electoral system.

4.    But while many voters have benefitted from California's vote-by-mail program ("Vote-by-Mail Program" or "Program"), that Program excludes and discriminates against individuals with vision and other print disabilities.

5.    Although California voters with print disabilities may receive and mark their ballots electronically on their own devices (like a personal computer), there is no option to return their ballots through an electronic means. Instead, voters must print their ballot selections, place that printout in a government-issued paper ballot return envelope, sign and seal the envelope, and then arrange for the return of the paper ballot through one of three non-electronic means.

6.    These paper-based requirements impose significant—and unlawful—barriers for voters with print disabilities. By definition, print disabilities impede an individual's ability to read, mark, hold, handle, or manipulate printed materials.

---

[1] "Print disabilities" are all disabilities that prevent a voter from reading, marking, holding, handling, or manipulating a ballot, including blindness, visual impairment, an intellectual or developmental disability, or impairment in dexterity, such that the voter is unable to return a ballot privately and independently.

7. As a result, voters with print disabilities across the state (including Plaintiffs and their members) have been unable to complete the paper-based requirements privately and independently. Instead, they have been forced to rely on sighted individuals and/or individuals who can provide physical assistance to perform the paper-based requirements or to forgo voting by mail altogether.

8. Forcing voters with print disabilities to seek the assistance of another person deprives them of the right to express their political choices without others' presence or knowledge (that is, on a secret ballot)—a hallmark of our electoral process. The Vote-by-Mail Program's paper-based requirements have thus denied California voters with print disabilities their fundamental right to vote privately and independently.

9. Defendant Shirley Weber, the Secretary of State, has the ability and obligation to make the Vote-by-Mail Program accessible to voters with print disabilities. The addition of a readily available electronic ballot return (or e-return) option would remedy the problem, as it would allow voters with print disabilities to use their own devices, not only to mark their ballots, but also to submit them. Multiple other states across the country already offer some form of e-return for certain voters with disabilities, and California itself already has an e-return option for certain military and overseas voters.

## JURISDICTION

10. Plaintiffs bring their claims pursuant to title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* (hereinafter "Title II"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (hereinafter "Section 504"), and California Government Code section 11135(a).

11. The Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

12.     The same events and omissions forming the basis of Plaintiffs' federal claims form the basis of their state-law claim. Thus, this Court has supplemental jurisdiction over Plaintiffs' state-law claim pursuant to 28 U.S.C. § 1367(a).

13.     The Court has authority to issue a declaratory judgment under 28 U.S.C. §§ 2201, 2202, and authority to issue injunctive relief under 42 U.S.C. § 12133.

## VENUE

14.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs Christopher Gray and Vita Zavoli reside and vote within this district; Plaintiffs California Council of the Blind and National Federation of the Blind of California have members who reside and vote within this district; Defendant performs official duties that impact and constrain how the Vote-by-Mail Program operates in this district; and a substantial part of the events and omissions giving rise to the claims have occurred and continue to occur in this district.

## DIVISIONAL ASSIGNMENT

15.     Because Plaintiff Christopher Gray resides in San Francisco and a substantial part of the events and omissions giving rise to the claims have occurred in the City and County of San Francisco, and because Plaintiff Vita Zavoli resides in the County of Alameda and a substantial part of the events and omissions giving rise to the claims have occurred in the County of Alameda, this case should be assigned to the San Francisco Division or the Oakland Division of this Court pursuant to Civil Local Rule 3-2(c)-(d).

## PARTIES

**I.      Plaintiffs**

16.     Plaintiff Christopher Gray is a registered California voter who resides in San Francisco County, California. Mr. Gray is blind. Due to his disability, print documents are not accessible to him, which means he cannot vote privately and independently through California's Vote-by-Mail Program.

17.     Plaintiff Russell Rawlings is a registered California voter who resides in

1    Sacramento County, California. Mr. Rawlings has cerebral palsy, which limits his manual

2    dexterity. Due to his disability, he cannot mark or handle a paper ballot, which means he cannot

3    vote privately and independently through California's Vote-by-Mail Program.

4        18.    Plaintiff Vita Zavoli is a registered California voter who resides in Alameda

5    County, California. Ms. Zavoli is blind. Due to her disability, print documents are not accessible

6    to her, which means she cannot vote privately and independently through California's Vote-by-

7    Mail Program.

8        19.    Plaintiff California Council of the Blind ("CCB") is a grassroots membership

9    organization, with chapters and affiliates throughout California. It is an affiliate of the American

10   Council of the Blind, a national membership organization. CCB's membership consists of blind

11   and visually impaired individuals, as well as fully sighted allies, residing in California. It has

12   approximately 500 members. Plaintiffs Christopher Gray and Vita Zavoli are CCB members.

13   CCB's purpose, as stated in article 2 of its bylaws, is "to increase the independence and equality

14   for all Californians who are blind or low vision." Its mission is "to increase the independence,

15   security, equality of opportunity, and quality of life for all Californians who are blind and

16   visually impaired." Its services include providing information and referrals, technical assistance,

17   and advocacy.

18       20.    Plaintiff National Federation of the Blind of California ("NFBCA") is a nonprofit

19   volunteer membership organization operating under the laws of California, with chapters and

20   divisions throughout California. It is an affiliate of the National Federation of the Blind, a

21   national membership organization that "promote[s] equal opportunity for the blind" by removing

22   "legal, economic, and societal barriers to full participation by blind people in employment,

23   education, recreation, and all other aspects of community life." NFBCA's membership consists

24   of blind individuals, as well as sighted individuals who are interested in the organization's

25   purpose and activities. It advocates to protect and promote the civil rights of blind persons

26   through public education and advocacy.

27

28

1

## II.    Defendant

2      21.    Defendant Shirley N. Weber is the current California Secretary of State. She is

3   sued only in her official capacity. As Secretary of State, Defendant is the "chief elections officer

4   of the state," who "administer[s] the provisions of the Elections Code." Cal. Gov't Code §

5   12172.5(a); *accord* Cal. Elec. Code § 10(a). In that capacity, she is required to "adopt and

6   publish standards and regulations governing the use of remote accessible vote by mail [RAVBM]

7   systems," Cal. Elec. Code § 19283(a), and no RAVBM system may be used in an election in

8   California until it has been "certified or conditionally approved" by her, *id*. § 19281(a).

9      22.    Presently and at all times relevant to the instant complaint, Defendant is and has

10   been a public entity under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et*

11   *seq*.

12      23.    At all relevant times, Defendant has received and continues to receive federal

13   financial assistance for election-related activities, including millions of dollars in federal funding

14   to support state elections administration under the Help America Vote Act ("HAVA") and other

15   federal programs, within the meaning of Section 504 of the Rehabilitation Act. 29 U.S.C. §

16   794(a).

17      24.    At all relevant times, Defendant has conducted, operated, and/or administered key

18   aspects of California's Vote-by-Mail Program and has received and continues to receive state

19   funding and/or state financial assistance for election-related activities within the meaning of

20   California Government Code section 11135(a).

21   ## FACTUAL ALLEGATIONS

22   **III.    California's Vote-By-Mail Program is inaccessible to voters with print disabilities.**

23      25.    All California voters are eligible to vote by mail. Cal. Elec. Code § 3000.5.

24      26.    California law provides several ways for voters to receive, mark, and return their

25   vote-by-mail ballots:

26         **A. Paper Vote-by-Mail Ballots**: These ballots are automatically mailed to voters

27            who register to vote far enough in advance of an election. *See, e.g.*, Cal. Elec.

28

1  Code § 3000.5(a) (setting forth the timelines for mailing election materials to

2  active registered voters). The ballots are received, completed, and returned on

3  paper. They may be returned by mail, in person to an elections official, or at a

4  designated ballot drop-off location. Cal. Elec. Code § 3017(a)(1).

5  **B. Remote Accessible Vote-by-Mail ("RAVBM") Systems**: Any California voter

6  may receive, read, and mark their ballot electronically on their own device, such

7  as a personal computer, using their county's RAVBM system. Cal. Elec. Code

8  § 3016.7. These systems are compatible with assistive technology, allowing

9  voters with disabilities to use, for example, a screen reader or a sip-and-puff

10  device to read and/or mark their ballot. While the initial steps of receiving,

11  reading, and marking the ballot are paperless when using a RAVBM system, the

12  final return steps are not. RAVBM voters must print their ballot selections on

13  paper for submission to their elections official. For domestic voters, that means

14  submitting a paper printout from the RAVBM system, enclosed in a

15  government-issued paper ballot return envelope, using one of the three methods

16  a voter may use to return a paper vote-by-mail ballot: mail, in-person delivery,

17  or deposit at a ballot drop-off location. The California Secretary of State must

18  certify or conditionally approve a RAVBM system before it can be used in an

19  election in California. Cal. Elec. Code § 19281(a); *see also id.* § 19280

20  (conditioning certification and approval on fulfillment of statutory requirements

21  and compliance with regulations promulgated by the Secretary of State).

22  **C. Ballots for Military and Overseas Voters**: Finally, certain military and

23  overseas voters are permitted to return their vote-by-mail ballots electronically

24  by fax. Cal. Elec. Code § 3106. The California Secretary of State has authority

25  over aspects of the voting process for military and overseas voters. *See, e.g.*,

26  Cal. Elec. Code § 3101(a) (providing enforcement authority); *id.* § 3101(e)

27  (mandating that Secretary prescribe requirements for "the timely and proper

28

1      completion of a military or overseas voter's ballot").

2      27.      Since 2020, California law has required that RAVBM systems be offered in every

3  county to at least certain voters, including voters with disabilities, as part of the Vote-By-Mail

4  Program. The RAVBM systems currently certified for use in California under Defendant's

5  certification authority require voters to print their ballot selections on paper, put the printout in a

6  paper ballot return envelope,[2] seal the envelope, sign the envelope, and return the envelope to the

7  county elections office by mail, by depositing it in a ballot drop box, or by dropping it off in

8  person at the elections office or a voting location.

9      28.      As a result of the currently-certified RAVBM systems, voters with print

10  disabilities are unable to vote privately and independently using a RAVBM system because they

11  require sighted and/or other physical assistance to perform one or more of the required paper-

12  based steps, such as printing their selections, verifying that the ballot selections printed correctly,

13  putting the printout in the ballot return envelope, and/or sealing, signing, and returning the

14  envelope. Each of these steps presents barriers that force voters with print disabilities to seek

15  assistance from another person, thereby depriving them of their rights to vote independently and

16  to keep their vote confidential, even though voters without print disabilities are not similarly

17  required to relinquish these rights.

18      29.      Thus, although the RAVBM systems certified for use in California have made

19  receiving, reading, and marking ballots more accessible to some voters with disabilities,

20  including those who can use their own assistive technology—such as a screen reader or a sip-

21  and-puff device—to complete those steps, the return process remains inaccessible to voters with

22  print disabilities who are unable to print, read, and/or handle the RAVBM printout and a paper

23

24
_____

[2] California Assembly Bill 626, which was chaptered on October 10, 2023, and became effective
25  on January 1, 2024, allows any voter to vote using their vote-by-mail ballot at an in-person
voting location without having to use their ballot return envelope. Under new California
26  Elections Code section 3016.5, such voters are officially categorized as and effectively acting as
*in-person voters*. While some voters with print disabilities may choose to submit their RAVBM
27  printouts in person, without a ballot return envelope, pursuant to this new law, such an option
does not obviate the accessibility barriers to *voting by mail* that are the subject of this complaint.

28

1    ballot return envelope[3] without assistance from another person.

2            30.    Defendant's failure to provide California voters with print disabilities with an

3    accessible vote-by-mail ballot return option "force[s]" many of them "to reveal [their] political

4    opinion[s]" to others, thereby keeping them from "'enjoy[ing] the benefits of' the secret ballot

5    afforded to most other voters." *Cal. Council of the Blind v. County of Alameda*, 985 F. Supp. 2d

6    1229, 1239 (N.D. Cal. 2013); *see* Cal. Const. art. II, § 7 (providing that "[v]oting shall be

7    secret"). Thus, these voters are denied access to private and independent voting as compared to

8    other California voters without such disabilities, in violation of federal and state anti-

9    discrimination laws.

10            31.    As set forth below, Plaintiffs bring claims for violations of title II of the

11    Americans with Disabilities Act ("Title II" or "ADA," as applicable), 42 U.S.C. § 12131 *et seq.*;

12    Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 *et seq.*; and

13    section 11135(a) of the California Government Code.

14            32.    Defendant must comply with these laws by making California's Vote-By-Mail

15    Program accessible to voters with print disabilities.

16    **IV.    Defendant could remedy this discriminatory exclusion of voters with print**
      **disabilities from California's Vote-by-mail Program but has failed to do so.**
17

18            33.    The discriminatory burdens placed on voters with print disabilities outlined above

19    are unlawful, and they could be remedied by existing accessible alternative mechanisms for

20    returning vote-by-mail ballots electronically. The addition of an electronic ballot return (or e-

21    return) option—which does not require the reading or handling of paper—would allow voters

22    with print disabilities to use their own personal devices, including their own assistive technology,

23    not only to receive, read, and mark their vote-by-mail ballots as they can do with existing

24    RAVBM systems certified for use in California, but also to review their ballot selections for

25    completeness and accuracy and to transmit their ballots with the full independence and secrecy

26    that is afforded to Californians without print disabilities who participate in the Vote-by-Mail

27    _____

28    [3] *See supra* note 2.

1    Program.

2    34.    E-return options can take the form of (1) email, (2) fax, and/or (3) an online portal

3    that is integrated into a RAVBM system.

4    35.    As mentioned above, California already has an e-return option for certain military

5    and overseas voters, who are permitted to fax their ballot selections via the internet. This existing

6    e-return option could be extended to voters with print disabilities.

7    36.     In addition, there are other e-return options that currently are being used across

8    the country. At least twelve states already offer some form of e-return for at least certain voters

9    with disabilities, including at least four states that use Democracy Live's OmniBallot software to

10   offer an e-return option to voters with disabilities. More than half of California counties currently

11   use a different RAVBM system provided by Democracy Live that does not include an e-return

12   option. According to the vendor, it would be easy to add an e-return option to its RAVBM

13   system that already is used in California.

14   37.    Defendant's failure to provide an accessible ballot return option as part of the

15   Vote-by-Mail Program is glaring, given that she has been aware of the Program's inaccessibility

16   to voters with print disabilities for years. In May 2021, at a public event about voters with

17   disabilities, Disability Rights California ("DRC"), co-counsel in this case, notified Defendant

18   and her staff about the barriers posed by the lack of an e-return option. At that time, DRC urged

19   Defendant to certify a RAVBM system that includes an e-return option for voters with print

20   disabilities, and it has continued to do so since.

21   38.    Plaintiffs sent a formal demand letter to Defendant on January 19, 2024,

22   reiterating the issues described above and urging Defendant to pursue and implement an e-return

23   option for voters with print disabilities in order to avoid litigation on this matter.

24   39.    Despite being advised repeatedly of the inaccessibility to voters with print

25   disabilities of the RAVBM systems currently certified for use in California, and despite

26   numerous invitations to collaborate in developing a solution, these barriers persist.

27

28

**V.     Plaintiffs and their members are irreparably harmed by their discriminatory exclusion from California's Vote-By-Mail Program.**

40.     Plaintiff Christopher Gray wanted to vote in the November 2022 statewide general election using San Francisco's RAVBM system. He would have been able to receive, read, and mark his vote-by-mail ballot electronically using his own assistive technology, including a computer with a screen reader and a Braille display. However, because he is blind, Mr. Gray would not have been able to print and return a RAVBM ballot without assistance—i.e., without sacrificing his right to vote privately and independently. Because of these barriers, Mr. Gray decided to instead vote using the paper vote-by-mail ballot that had been mailed to him by his county elections office. He needed the assistance of another person to read, mark, and return his paper ballot. He could not independently confirm that his paid assistant accurately marked his ballot and submitted it on his behalf. Mr. Gray is a daily user of assistive technology that allows him to independently accomplish a wide variety of tasks, so he would have been able to submit an electronic ballot privately and independently had Defendant made an electronic ballot return option available. Mr. Gray plans to vote in future federal, state, and local elections and would like to do so privately and independently using a RAVBM system. The lack of an accessible electronic ballot return option is therefore an issue of immediate, urgent, and ongoing concern for him.

41.     Plaintiff Russell Rawlings voted in 2020 using Sacramento County's RAVBM system. He was able to receive, read, and mark his vote-by-mail ballot electronically using his own assistive technology, including a computer with speech-recognition software. However, because he has cerebral palsy, which limits his manual dexterity, Mr. Rawlings was unable to print and return his RAVBM ballot without assistance—i.e., without sacrificing his right to vote privately and independently. In order to vote using the RAVBM system, he had to ask his caregiver to get the printed ballot from a borrowed printer,[4] put the printout in an envelope, seal the envelope, position the envelope so he could sign it, and mail the completed ballot. Mr.

---

[4] Mr. Rawlings does not own a printer because he cannot handle paper independently.

Rawlings felt disempowered by needing to rely on this amount of assistance to submit his ballot. Thus, for the next election, Mr. Rawlings decided that he would rather forgo the option of voting from home, from which so many other voters benefit, and instead vote at an in-person voting location, using an accessible voting machine, which is the only way he is able to vote privately and independently. Voting in person was not without its costs; he had to take time off of work. Mr. Rawlings is a daily user of assistive technology that allows him to independently accomplish a wide variety of tasks, so he would have been able to submit an electronic ballot privately and independently had Defendant made an electronic ballot return option available. Mr. Rawlings has voted consistently since he moved to California in 2001, and he plans to vote in future federal, state, and local elections. He would like to do so privately and independently using a RAVBM system. The lack of an accessible electronic ballot return option is therefore an issue of immediate, urgent, and ongoing concern for him.

42.     Plaintiff Vita Zavoli voted in the November 2022 statewide election using Alameda County's RAVBM system. She was able to receive, read, and mark her vote-by-mail ballot electronically using her own assistive technology, including a computer with a screen reader. However, because of her blindness, she was not able to print and return her RAVBM ballot without assistance—i.e., without sacrificing her right to vote privately and independently. She had to rely on a paid assistant to finalize and return her ballot in paper form for her. Ms. Zavoli is a daily user of assistive technology that allows her to independently accomplish a wide variety of tasks, so she would have been able to submit an electronic ballot privately and independently had Defendant made an electronic ballot return option available. Ms. Zavoli naturalized as a United States citizen several decades ago, and she felt privileged to be given the right to vote when she became a citizen. As a result, she is passionate about voting and is committed to ensuring that she and others have the same access to California's Vote-by-Mail Program as do voters without print disabilities. She plans to vote in future federal, state, and local elections and would like to do so privately and independently using a RAVBM system. The lack of an accessible electronic ballot return option is therefore an issue of immediate, urgent,

1    and ongoing concern for her.

2        43.    Plaintiff CCB has members who, by reason of their disability, have been excluded

3    from participation in and/or have been denied the benefits of the Vote-by-Mail Program and/or

4    have been subjected to discrimination by Defendant in connection with the Program and thus

5    would have standing to sue in their own right. CCB sues on their behalf because the interests of

6    its members that it seeks to protect through this lawsuit are germane to its purpose as an

7    organization and neither the claims asserted nor the relief requested require the participation of

8    individual members in this lawsuit. Thus, CCB has standing to bring this action on behalf of its

9    members.

10       44.    Plaintiff NFBCA has members who, by reason of their disability, have been

11   excluded from participation in and/or have been denied the benefits of the Vote-by-Mail

12   Program and/or have been subjected to discrimination by Defendant in connection with the

13   Program and thus would have standing to sue in their own right. NFBCA sues on their behalf

14   because the interests of its members that it seeks to protect through this lawsuit are germane to

15   its purpose as an organization and neither the claims asserted nor the relief requested require the

16   participation of individual members in this lawsuit. Thus, NFBCA has standing to bring this

17   action on behalf of its members.

18                          **CLAIMS FOR RELIEF**

19                        **FIRST CLAIM FOR RELIEF**

20   **VI.    Violations of Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 *et seq*.)**

21       45.    Plaintiffs incorporate by reference each and every allegation contained in the

22   foregoing paragraphs as if specifically alleged herein.

23       46.    Title II of the ADA provides that "no qualified individual with a disability shall,

24   by reason of such disability, be excluded from participation in or be denied the benefits of the

25   services, programs, or activities of a public entity, or be subjected to discrimination by any such

26   entity." 42 U.S.C. § 12132.

27       47.    Under Title II's implementing regulations, "in providing any aid, benefit, or

28

service," a public entity may not "[a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," 28 C.F.R. § 35.130(b)(1)(ii) (2016); "[p]rovide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity" to "gain the same benefit" as that provided to others, *id.* 35.130(b)(1)(iii); or use "methods of administration . . . [t]hat have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability [or] [t]hat have the . . . effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities," *id.* § 35.130(b)(3)(i)-(ii) (2016).

48.   A public entity "shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i) (2016).

49.   Additionally, a public entity "shall take appropriate steps to ensure that communications with . . . participants . . . with disabilities are as effective as communications with others," 28 C.F.R. § 35.160(a)(1) (2011), and "shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity," *id.* § 35.160(b)(1) (2011). "In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities." *Id.* § 35.160(b)(2) (2011). "In order to be effective, auxiliary aids and services must be provided in accessible formats . . . and in such a way as to protect the privacy and independence of the individual with a disability." *Id.* Auxiliary aids and services include "accessible electronic and information technology," "other effective methods of making visually delivered materials available to individuals who are blind or have low vision," and "[a]cquisition or modification of equipment or devices." *Id.* § 35.104 (2016).

50.   The Vote-By-Mail Program is a service, program, or activity within the meaning of Title II.

51.   Plaintiffs Christopher Gray, Russell Rawlings, and Vita Zavoli are qualified individuals with disabilities within the meaning of Title II who, by reason of their disability, have been excluded from participation in and/or have been denied the benefits of the Vote-by-Mail Program and/or have been subjected to discrimination by Defendant in connection with the Program.

52.   Plaintiffs CCB and NFBCA have members who are qualified California voters with disabilities within the meaning of Title II and who, by reason of their disability, have been excluded from participation in and/or have been denied the benefits of the Vote-by-Mail Program and/or have been subjected to discrimination by Defendant in connection with the Program.

53.   As the State of California's chief elections official, who has the authority to regulate the use of RAVBM systems statewide and to decide which RAVBM systems are certified or conditionally approved for use by county elections officials, Defendant is the main public entity responsible for violations of the rights of Plaintiffs and their members, as applicable, under Title II and its implementing regulations due to the inaccessibility of the Vote-By-Mail Program to voters with print disabilities.

54.   By failing to provide a vote-by-mail ballot return option that enables California voters with print disabilities to vote privately and independently, Defendant has violated and continues to violate Title II and its implementing regulations, including as follows:

      **A.** Excluding voters with print disabilities from full participation in the Vote-by-Mail Program by reason of their disabilities.

      **B.** Denying voters with print disabilities the full benefits of the Vote-by-Mail Program by reason of their disabilities.

      **C.** Subjecting voters with print disabilities, who wish to vote privately and independently through the Vote-by-Mail Program, to discrimination by reason

1    of their disabilities.

2    **D.**  Failing to afford voters with print disabilities an opportunity to participate in or

3         benefit from the Vote-by-Mail Program that is equal to that afforded to voters

4         who do not have print disabilities.

5    **E.**  Providing voters with print disabilities with a vote-by-mail experience that is

6         not as effective in affording an equal opportunity to gain the same benefit from

7         the Vote-by-Mail Program as that provided to voters who do not have print

8         disabilities.

9    **F.**  Using methods of administration of the Vote-by-Mail Program that have the

10        effect of subjecting voters with print disabilities to discrimination on the basis

11        of disability.

12   **G.**  Using methods of administration of the Vote-by-Mail Program that have the

13        effect of defeating or substantially impairing accomplishment of the objectives

14        of the Vote-by-Mail Program with respect to voters with print disabilities.

15   **H.**  Failing to make reasonable modifications to the Vote-by-Mail Program that are

16        necessary to avoid discriminating against voters with print disabilities on the

17        basis of their disabilities.

18   **I.**  Failing to ensure that communications with voters with print disabilities who

19        use or wish to use the Vote-by-Mail Program are as effective as

20        communications with voters who do not have print disabilities.

21   **J.**  Failing to furnish appropriate auxiliary aids and services that are necessary to

22        afford voters with print disabilities an equal opportunity to participate in and

23        enjoy the benefits of the Vote-by-Mail Program as that afforded to voters who

24        do not have print disabilities.

25        55.    A present and actual controversy exists between Plaintiffs and Defendant

26   concerning their rights and respective duties. Plaintiffs contend that Defendant violated their and

27   their members' rights under Title II. Plaintiffs are informed and believe, and thereon allege, that

28

1   Defendant denies these allegations. Declaratory relief is, therefore, necessary and appropriate.

2   Accordingly, Plaintiffs seek a judicial declaration of the rights and duties of the respective

3   parties.

4        56.    As a result of Defendant's actions and omissions, Plaintiffs and their members, as

5   applicable, have suffered and will continue to suffer irreparable harm. Namely, they have been

6   and will continue to be subjected to discrimination in the Vote-By-Mail Program. No plain,

7   adequate, or complete remedy at law is available to redress the wrongs alleged herein. Injunctive

8   relief is, therefore, necessary to prevent Defendant from continuing to deny Plaintiffs and their

9   members, as applicable, their right to vote privately and independently through the Vote-by-Mail

10   Program in upcoming elections, including but not limited to the November 5, 2024, presidential

11   general election.

12        57.    Plaintiffs are entitled to declaratory and injunctive relief and to reasonable

13   attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**

**VII.    Violations of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794 *et seq.*)**

16        58.    Plaintiffs incorporate by reference all allegations contained in the preceding

17   paragraphs as if specifically alleged herein.

18        59.    Section 504 provides, in relevant part, that "[n]o otherwise qualified individual

19   with a disability . . . shall, solely by reason of her or his disability, be excluded from the

20   participation in, be denied the benefits of, or be subjected to discrimination under any program or

21   activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

22        60.    Section 504 defines "program or activity" to include "all of the operations" of (1)

23   a department or agency of a state or local government or (2) "the entity of such State or local

24   government that distributes such assistance and each such department or agency (and each other

25   State or local government entity) to which the assistance is extended, in the case of assistance to

26   a State or local government." 29 U.S.C. § 794(b)(1).

27        61.    The Vote-By-Mail Program is a program or activity within the meaning of

28

1   Section 504.

2        62.    Plaintiffs Christopher Gray, Russell Rawlings, and Vita Zavoli are qualified

3   individuals with disabilities within the meaning of Section 504, as are many members of

4   Plaintiffs CCB and NFBCA.

5        63.    Defendant receives federal funds through the United States Election Assistance

6   Commission for use in elections programs and activities, including the Vote-by-Mail Program.

7        64.    Defendant's acts and omissions that violate the rights of Plaintiffs and their

8   members, as applicable, under Title II (see Plaintiffs' first claim for relief above) also violate

9   their rights under Section 504. 28 C.F.R. § 42.503 (2003).

10        65.    Defendant's acts and omissions discriminate against Plaintiffs and their members,

11   as applicable, based solely on their disabilities.

12        66.    A present and actual controversy exists between Plaintiffs and Defendant

13   concerning their rights and respective duties. Plaintiffs contend that Defendant violated their and

14   their members' rights under Section 504. Plaintiffs are informed and believe, and thereon allege,

15   that Defendant denies these allegations. Declaratory relief is therefore necessary and appropriate.

16   Accordingly, Plaintiffs seek a judicial declaration of the rights and duties of the respective

17   parties.

18        67.    As a result of Defendants' acts and omissions, Plaintiffs and their members, as

19   applicable, have suffered and will continue to suffer from discrimination and unequal access to

20   the Vote-By-Mail Program. No plain, adequate, or complete remedy at law is available to redress

21   the wrongs alleged herein. Injunctive relief is thus necessary to prevent Defendant from denying

22   Plaintiffs and their members, as applicable, their right to vote privately and independently

23   through the Vote-by-Mail Program in upcoming elections, including but not limited to the

24   November 5, 2024, presidential general election.

25        68.    Plaintiffs are entitled to declaratory and injunctive relief and to reasonable

26   attorneys' fees and costs.

27

28

1

## THIRD CLAIM FOR RELIEF

2

**VIII.   Violations of California Government Code section 11135 *et seq*.**

3

69.     Plaintiffs incorporate by reference all allegations contained in the preceding

4

paragraphs as if specifically alleged herein.

5

70.     California Government Code section 11135 and the regulations promulgated

6

thereunder prohibit discrimination against people with disabilities or denial of full and equal

7

access to the benefits of state-funded programs and activities. Section 11135(a) provides, in

8

pertinent part, as follows:

9

> No person in the State of California shall, on the basis of . . . disability . . . be
> unlawfully denied full and equal access to the benefits of, or be unlawfully
> subjected to discrimination under, any program or activity that is conducted,
> operated, or administered by the state or by any state agency, is funded directly by
> the state, or receives any financial assistance from the state.

10

11

12

71.     California Government Code section 11135 incorporates title II of the Americans

13

with Disabilities Act ("ADA") and its implementing regulations. Cal. Gov't. Code § 11135(b).

14

72.     At all relevant times, the Vote-by-Mail Program has been a program or activity of

15

which key aspects have been conducted, operated, or administered by Defendant.

16

73.     At all relevant times, the Vote-by-Mail Program has been a program or activity

17

that has been funded directly by the State or received substantial state financial assistance.

18

74.     By violating the ADA as alleged in Plaintiffs' first claim for relief above,

19

Defendant has unlawfully denied Plaintiffs and their members, as applicable, full and equal

20

access to the benefits of the Vote-by-Mail Program and/or unlawfully discriminated against

21

Plaintiffs and their members, as applicable, under the Vote-by-Mail Program on the basis of their

22

disabilities, in violation of Government Code section 11135 and the regulations promulgated

23

thereunder.

24

75.     A present and actual controversy exists between Plaintiffs and Defendant

25

concerning their rights and respective duties. Plaintiffs contend that Defendant violated their and

26

their members' rights under California Government Code section 11135. Plaintiffs are informed

27

and believe, and thereon allege, that Defendant denies these allegations. Declaratory relief is,

28

1   therefore, necessary and appropriate. Accordingly, Plaintiffs seek a judicial declaration of the

2   rights and duties of the respective parties.

3          76.     As a direct and proximate result of Defendant's violations of California

4   Government Code section 11135, Plaintiffs and their members, as applicable, have suffered and

5   will continue to suffer irreparable harm for which they have no adequate remedy at law.

6   Injunctive relief is, therefore, necessary to prevent Defendant from continuing to deny Plaintiffs

7   and their members, as applicable, their right to vote privately and independently through the

8   Vote-by-Mail Program in upcoming elections, including but not limited to the November 5,

9   2024, presidential general election.

10         77.     Because Defendant's discriminatory conduct is ongoing, declaratory and

11   injunctive relief are appropriate. Plaintiffs are further entitled to reasonable attorneys' fees and

12   costs.

13                             **PRAYER FOR RELIEF**

14   WHEREFORE, Plaintiffs request that the Court provide the following relief:

15         78.     A declaration that Defendant has violated and continues to violate Title II of the

16   ADA, Section 504 of the Rehabilitation Act, and California Government Code section 11135 by

17   failing to ensure that California's Vote-by-Mail Program includes a ballot return option that is

18   accessible to people with print disabilities;

19         79.     Injunctive relief requiring Defendant to certify a remote accessible vote-by-mail

20   system with an accessible electronic ballot return option that allows voters with print disabilities

21   to cast their ballots privately and independently;

22         80.     An award of Plaintiffs' reasonable attorneys' fees and costs; and

23         81.     Such other relief as the Court deems just and proper.

24

25

26

27

28

1    DATED: March 8, 2024                    Respectfully submitted,

2

3                                            DISABILITY RIGHTS ADVOCATES

4                                            */s/ Sean Betouliere*
                                             Sean Betouliere (SBN 308645)
5                                            Shawna L. Parks (SBN 208301)
                                             Rosa Lee Bichell (SBN 331530)
6                                            **DISABILITY RIGHTS ADVOCATES**
                                             2001 Center Street, Third Floor
7                                            Berkeley, California 94704-1204
                                             Tel:    (510) 665-8644
8                                            Fax:    (510) 665-8511
                                             Emails: sbetouliere@dralegal.org
9                                                      sparks@dralegal.org
                                                       rbichell@dralegal.org
10

11                                           DISABILITY RIGHTS CALIFORNIA

12
                                             */s/ Frederick P. Nisen*
13                                           Frederick P. Nisen (SBN 184089)
                                             Karie Lew (SBN 234666)
14                                           **DISABILITY RIGHTS CALIFORNIA**
                                             1831 K Street
15                                           Sacramento, CA 95811-4114
                                             Tel: (916) 504-5800
16                                           Fax: (916) 504-5801
                                             Emails: fred.nisen@disabilityrightsca.org
17                                                     karie.lew@disabilityrightsca.org

18
                                             Melinda Bird (SBN 102236)
19                                           **DISABILITY RIGHTS CALIFORNIA**
                                             350 S Bixel Street, Suite 290
20                                           Los Angeles, CA 90017-1418
                                             Tel: (213) 213-8105
21                                           Fax: (213) 213-8001
                                             Email: melinda.bird@disabilityrightsca.org
22

23                                           Andrea Rodriguez (SBN 290169)
                                             Paul R. Spencer (SBN 292767)
24                                           **DISABILITY RIGHTS CALIFORNIA**
                                             530 B Street, Suite 400
25                                           San Diego, CA 92101-4426
                                             Tel: (619) 239-7861
26                                           Fax: (619) 239-7906
                                             Emails: andrea.rodriguez@disabilityrightsca.org
27                                                     paul.spencer@disabilityrightsca.org

28

*Cal. Council of the Blind, et al., v. Weber*, Case No.: 3:24-CV-1447
**Plaintiffs' Complaint for Declaratory and Injunctive Relief**                    20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWN, GOLDSTEIN & LEVY LLP

*/s/ Eve Hill*
Eve Hill (SBN 202178)
Neel Lalchandani (SBN 310480)
Lauren J. Kelleher*
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202-1633
Tel: (410) 962-1030
Fax: (410) 385-0869
Emails: ehill@browngold.com
        nkl@browngold.com
        lkelleher@browngold.com

**Pro Hac Vice* Application Forthcoming

Attorneys for Plaintiffs