1

Sean Betouliere (SBN 308645)
Shawna L. Parks (SBN 208301)
Rosa Lee Bichell (SBN 331530)
**DISABILITY RIGHTS ADVOCATES**
2001 Center Street, Third Floor
Berkeley, California 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511
Emails: sbetouliere@dralegal.org
         sparks@dralegal.org
         rbichell@dralegal.org

Eve Hill (SBN 202178)
Neel Lalchandani (SBN 310480)
Lauren J. Kelleher (pro hac vice)
**BROWN, GOLDSTEIN & LEVY LLP**
120 East Baltimore Street, Suite 2500
Baltimore, MD 21202-1633
Tel: (410) 962-1030
Fax: (410) 385-0869
Emails: ehill@browngold.com
         nkl@browngold.com
         lkelleher@browngold.com

Frederick P. Nisen (SBN 184089)
Karie Lew (SBN 234666)
**DISABILITY RIGHTS CALIFORNIA**
1831 K Street
Sacramento, CA 95811-4114
Tel: (916) 504-5800
Fax: (916) 504-5801
Emails: fred.nisen@disabilityrightsca.org
         karie.lew@disabilityrightsca.org

2

3

4

5

6

7

8

9

10

11

12

13

14      Attorneys for Plaintiffs (continued on next page)

15

16          **THE UNITED STATES DISTRICT COURT FOR THE**

17                **NORTHERN DISTRICT OF CALIFORNIA**

18

19      CALIFORNIA COUNCIL OF THE BLIND,          Case No. 3:24-cv-01447-SK
        NATIONAL FEDERATION OF THE BLIND
20      OF CALIFORNIA, CHRISTOPHER GRAY,          **NOTICE OF MOTION AND MOTION**
        RUSSELL RAWLINGS, and VITA ZAVOLI,        **FOR PRELIMINARY INJUNCTION;**
21                                                **MEMORANDUM OF POINTS AND**
                                                  **AUTHORITIES IN SUPPORT**
22                  Plaintiffs,                   **THEREOF**

23      v.                                        Hearing: May 20, 2024 at 9:30am

24      SHIRLEY N. WEBER, in her official capacity
25      as California Secretary of State,

26                  Defendant.

27

28

1    Melinda Bird (SBN 102236)
     **DISABILITY RIGHTS CALIFORNIA**
2    350 S Bixel Street, Suite 290
     Los Angeles, CA 90017-1418
3    Tel: (213) 213-8105
     Fax: (213) 213-8001
4    Email: melinda.bird@disabilityrightsca.org

5
     Andrea Rodriguez (SBN 290169)
6    Paul R. Spencer (SBN 292767)
     **DISABILITY RIGHTS CALIFORNIA**
7    530 B Street, Suite 400
     San Diego, CA 92101-4426
8    Tel: (619) 239-7861
     Fax: (619) 239-7906
9    Emails: andrea.rodriguez@disabilityrightsca.org
              paul.spencer@disabilityrightsca.org
10

11   Attorneys for Plaintiffs (continued from previous page)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Cal. Council of the Blind v. Weber*, Case No. 3:24-cv-01447-SK
**Notice of Motion and Motion for Preliminary Injunction**

1

2

## <u>TABLE OF CONTENTS</u>

3

TABLE OF AUTHORITIES ...................................................................................................... ii

I.      INTRODUCTION ...................................................................................................... 2

II.     STATEMENT OF FACTS ........................................................................................ 4

      A.     California's Vote-By-Mail Program remains inaccessible to voters with print disabilities because there is no way for them to privately and independently return a ballot............................................................ 4

      B.     Plaintiffs, their members, and other voters with print disabilities have been irreparably harmed by the inaccessibility of the Vote-By-Mail Program, and will continue to be harmed absent a preliminary injunction............................................................................. 6

      C.     Other states throughout the country allow voters with disabilities to cast their ballots using an accessible electronic return option. .............................. 7

      D.     California already allows certain military and overseas voters to return their ballots electronically by fax, and it should easily be able to expand this option to voters with print disabilities. .................................. 9

III.    LEGAL STANDARD FOR PRELIMINARY INJUNCTION......................................... 11

IV.   STATUTORY & REGULATORY BACKGROUND ...................................................... 12

V.     ARGUMENT ............................................................................................................. 13

      A.     Plaintiffs are likely to succeed on the merits of their claims that the ADA, Section 504, and Cal. Gov't. Code § 11135 require a ballot-return method for vote-by-mail ballots that is accessible to voters with print disabilities............................................................................. 14

      B.     Plaintiffs and many of their members will suffer irreparable harm if Defendant does not implement an accessible fax-return option in time for use in the November 5, 2024, general election. ..................................... 20

      C.     The balance of equities tips in Plaintiffs' favor. .................................................. 22

      D.     Granting Plaintiffs' requested preliminary injunction is in the public interest.................................................................................................. 23

VI.   CONCLUSION........................................................................................................... 24

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) ...................................... 11, 12

4

*Am. Council of the Blind v. Paulson*, 525 F.3d 1256 (D.C. Cir. 2008) ........................................ 18

5

*Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222 (10th Cir. 2009)...................... 22

6
7

*Cal. Council of the Blind v. Cnty. of Alameda*, 985 F. Supp. 2d 1229 (N.D. Cal. 2013) ...................................................................................................................... passim

8

*Common Cause Ind. v. Lawson*, 937 F.3d 944 (7th Cir. 2019) .................................................... 20

9

*Crowder v. Kitagawa*, 81 F.3d 1480 (9th Cir. 1996)................................................................... 19

10

*Davis v. Stapleton*, 480 F. Supp. 3d 1099 (D. Mont. 2020)........................................................ 20

11

*Disabled in Action v. Bd. of Elections in N.Y.C*, 752 F.3d 189 (2d Cir. 2014)...................... 17, 18

12
13

*Drenth v. Boockvar*, No. 1:20-CV-00829, 2020 WL 2745729 (M.D. Pa. May 27, 2020) ..................................................................................................... 17, 20, 22

14

*Hindel v. Husted*, 875 F.3d 344 (6th Cir. 2017) .................................................................... 17, 19

15

*Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173 (1979)................................ 20

16

*In re Focus Media Inc.*, 387 F.3d 1077 (9th Cir. 2004)................................................................ 14

17

*Ind. State Conf. of the NAACP v. Lawson*, 326 F. Supp. 3d 646 (S.D. Ind. 2018)...................... 20

18
19

*K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088 (9th Cir. 2013) ........................ 18

*LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947 (9th Cir. 2021).............................. 11

20

*League of Women Voters of N.C. v. N.C.*, 769 F.3d 224 (4th Cir. 2014)...................................... 20

21
22

*Lopez v. Brewer*, 680 F.3d 1068 (9th Cir. 2012) ........................................................................ 11

23

*Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144 (2d Cir. 2013)................................... 19

24

*Nabors v. Manglona*, 829 F.2d 902 (9th Cir. 1987) ..................................................................... 2

25

*Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494 (4th Cir. 2016) ........................... 16, 17, 18, 21

26

*Nat'l Fed'n of the Blind v. Lamone*, No. CIV.A. RDB-14-1631, 2014 WL 4388342, at *15 (D. Md. Sept. 4, 2014) ................................................................... 21, 22, 23

27

*Obama for Am. v. Husted*, 697 F.3d 423 (6th Cir. 2012).............................................................. 20

28

*Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729 (9th Cir. 2021)...............................................14

*Quinones v. City of Evanston, Ill.*, 58 F.3d 275 (7th Cir.1995) ............................................22

*R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)...................................................23

*Republic of the Phil. v. Marcos*, 862 F.2d 1355 (9th Cir. 1988)............................................14

*Reynolds v. Sims*, 377 U.S. 533 (1964)....................................................................................14

*Scott v. Kenyon*, 16 Cal. 2d 197 (1940) ...................................................................................21

*Taliaferro v. N. Carolina State Bd. of Elections*, 489 F. Supp. 3d 433 (E.D.N.C. 2020) ........................................................................................................................ 17, 20, 23

*United Spinal Ass'n v. Bd. of Elections in N.Y.C.*, 882 F. Supp. 2d 615 (S.D.N.Y. 2012) .................................................................................................................................. 4

*Weinberger v. Romero–Barcelo*, 456 U.S. 305 (1982).........................................................23

*Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976 (9th Cir. 1997) .............................14

*Williams v. Salerno*, 792 F.2d 323(2d Cir. 1986) ..................................................................20

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008) ........................................................11, 23

**Statutes**

29 U.S.C. § 794..................................................................................................... 12, 14, 15

29 U.S.C. § 794(a) ..................................................................................................................16

42 U.S.C. 12101(a)(3) ............................................................................................................21

42 U.S.C. 12102(1)(A)............................................................................................................15

42 U.S.C. 12131(1) .................................................................................................................15

42 U.S.C. 12131(2) .................................................................................................................15

42 U.S.C. 12132 ......................................................................................................................12

52 U.S.C. § 21081 ...................................................................................................................17

Alaska Stat. § 15.20.066 ...........................................................................................................8

Cal. Civil Code § 1633.2(h).....................................................................................................10

Cal. Elec. Code § 10(a) ...........................................................................................................16

Cal. Elec. Code § 19280 ...........................................................................................................5

Cal. Elec. Code § 19281(a) ......................................................................................... 16

Cal. Elec. Code § 19281(a) ........................................................................................... 5

Cal. Elec. Code § 19283(a) ......................................................................................... 16

Cal. Elec. Code § 2300(a)(4) ...................................................................................... 21

Cal. Elec. Code § 3000.5 ............................................................................................... 5

Cal. Elec. Code § 3003 .................................................................................................. 4

Cal. Elec. Code § 3017 .................................................................................................. 6

Cal. Elec. Code § 3017(a)(1) ........................................................................................ 5

Cal. Elec. Code § 3101(a) ........................................................................................... 10

Cal. Elec. Code § 3101(e) ........................................................................................... 10

Cal. Elec. Code § 3106 ....................................................................................... 3, 6, 10

Cal. Elec. Code § 3106(a) ......................................................................................... 1, 4

Cal. Elec. Code § 3116.5(c) .......................................................................................... 5

Cal. Elec. Code §§ 3011(a)(1)-(4) .............................................................................. 11

Cal. Gov't Code § 11135(b) ........................................................................................ 13

Cal. Gov't Code § 12172.5(a) ..................................................................................... 16

Colo. Rev. Stat. § 1-5-706 ............................................................................................ 9

Del. Code. Ann. tit. 15 § 5502(4) ................................................................................. 8

Del. Code. Ann. tit. 15 § 5503 ...................................................................................... 8

Del. Code. Ann. tit. 15 § 5525 ...................................................................................... 8

Haw. Rev. Stat. § 15-5 .................................................................................................. 8

Help America Vote Act of 2002, Pub. L. No. 107–252, § 301, 116 Stat. 1666,
    1704 ....................................................................................................................... 17

Ind. Code § 3-11-4-6 ..................................................................................................... 8

La. Stat. Ann. tit. 18 § 1308(A)(1)(d) .......................................................................... 8

Maine Rev. Stat. tit. 21-A § 809-A(3) .......................................................................... 8

Nev. Admin. Code § 293.206 ........................................................................................ 8

R.I. Gen. Laws § 17-20-6.1 ........................................................................................... 8

Utah Code Ann. § 20A-3a-201 ............................................................................................ 9

W. Va. Code R.§ 3-3-5 ....................................................................................................... 9

**Rules**

Fed. R. Civ. P. 65 ............................................................................................................... 1

**Other Authorities**

*Absentee and Early Voting*, Div. of Elect. State of Alaska,
   https://www.elections.alaska.gov/absentee-and-early-voting/ (last visited Mar.
   29, 2024) ......................................................................................................................... 8

*Absentee Voting in Delaware*, State of Delaware,
   https://elections.delaware.gov/voter/absentee/ (last visited Mar. 29, 2024) .............. 8

*Accessibility and Voting Assistance*, R.I. Dep't of State,
   https://vote.sos.ri.gov/Voter/AccessibleVoting (last visited Mar. 29, 2024) .............. 8

*Accessible Absentee Voting*, N.C. State Bd. of Elect.,
   https://www.ncsbe.gov/voting/help-voters-disabilities/accessible-absentee-
   voting (last visited Mar. 29, 2024) ............................................................................ 9, 11

*Accessible Voting*, Dep't of the Sec'y of State Bureau of Corp., Elect. &
   Commissions. (2020), https://www.maine.gov/sos/cec/elec/voter-
   info/accessiblevoting.html (last visited Mar. 29, 2024) ............................................... 8

*Accessible Voting: Electronic ballot access*, Colo. Sec'y of State,
   https://www.sos.state.co.us/pubs/elections/accessibleVoting.html (last visited
   Mar. 29, 2024) ................................................................................................................ 9

*American Council of the Blind v. Ind. Elect. Comm'n Settlement Agreement*,
   Indiana Disability Rights (Jan. 17, 2023), https://www.in.gov/idr/reports-and-
   press/acbi-v.-iec-settlement-agreement/ (last visited Mar. 29, 2024) .......................... 8

*EASE – Overview*, Nev. Sec'y of State,
   https://www.nvsos.gov/sos/elections/voters/uniformed-overseas-citizens/ease-
   overview (last visited Mar. 29, 2024) ........................................................................... 8

*Funding,* Cal. Sec'y of State (2018),
   https://www.sos.ca.gov/elections/ovsta/funding (last visited Mar. 29, 2024) .......... 16

*FY23 State HAVA Allocation* (2023), U.S. Election Assistance Comm.,
   https://www.eac.gov/sites/default/files/Grants/FY23_StatebyStateElectionSecu
   rityAllocation.pdf (last visited Mar. 29, 2024) .......................................................... 16

*Information for Voters with Disabilities,* Lt. Gov. of Utah (2023),
https://vote.utah.gov/information-for-voters-with-disabilities/ (last visited Mar.
29, 2024) ................................................................................................................... 9

L. Schur, D. Kruse, M. Ameri & M. Adya, *Disability and Voting Accessibility in
the 2022 Elections*, Rutgers School of Management & Labor Relations and the
U.S. Election Assistance Commission,
https://www.eac.gov/sites/default/files/2023-
07/EAC_2023_Rutgers_Report_FINAL.pdf (last visited Mar. 29, 2024) .............................. 21

*Military & Overseas Voters*, Cal. Sec'y of State (2024),
https://www.sos.ca.gov/elections/voter-registration/military-overseas-voters
(listing counties' dedicated fax return information) (last visited Mar. 29, 2024) .................... 10

SLI Compliance, *Democracy Live Secure Select 1.0 Usability, Accessibility and
Privacy Test Report* (2017),
https://votingsystems.cdn.sos.ca.gov/vendors/demlive/sli-dl-aup.PDF .................................... 5

*Vote Absentee*, La. Sec'y of State,
https://www.sos.la.gov/ElectionsAndVoting/Vote/VoteByMail/Pages/default.as
px (last visited Mar. 29, 2024) ............................................................................................ 8

*Vote By Mail*, Cal. Sec'y of State, https://www.sos.ca.gov/elections/voter-
registration/vote-mail (last visited Mar. 29, 2024) ................................................................... 5

*Voter Bill of Rights,* Cal. Sec'y of State (2024),
https://www.sos.ca.gov/elections/voter-bill-rights (last visited Mar. 29, 2024) ...................... 16

*Voters Requiring Assistance*, State of Haw. Off. of Elect. (Sept. 14, 2022),
https://elections.hawaii.gov/voting/voters-requiring-assistance/ (last visited
Mar. 29, 2024) ........................................................................................................................ 8

*Voters with Disabilities— Accessible Vote by Mail Ballot*, Sec'y of the
Commonwealth of Mass., https://www.sstate.ma.us/divisions/elections/voting-
information/voters-with-disabilities.htm (last visited Mar. 29, 2024) ....................................... 9

*Voters with Disabilities*, Nev. Sec'y of State,
https://www.nvsos.gov/sos/elections/voters/voters-with-disabilities (last visited
Mar. 29, 2024) ........................................................................................................................ 8

*Voters with Physical Disabilities Absentee Voting Information*, W. Va. Sec'y of
State Mac Warner (2023),
https://sos.wv.gov/elections/Pages/DisabledVotersEVoting.aspx (last visited
Mar. 29, 2024) ........................................................................................................................ 9

PLEASE TAKE NOTICE that Plaintiffs Christopher Gray, Vita Zavoli, Russell Rawlings, California Council of the Blind, and National Federation of the Blind of California hereby move the Court for a preliminary injunction. A hearing is scheduled for May 20, 2024, at 9:30am, in the courtroom of the Hon. Magistrate Judge Sallie Kim, located at San Francisco Courthouse, Courtroom C – 15th Floor, 450 Golden Gate Ave., San Francisco, CA 94102.

Plaintiffs seek an order requiring Defendant California Secretary of State to immediately make available to voters with print disabilities, in an accessible manner and in time for use in the November 5, 2024, presidential general election, facsimile-based ballot return procedures substantially similar to those currently available to and used by certain military and overseas voters in elections administered by California elections officials. In addition, Plaintiffs seek an order requiring Defendant to immediately do the following so that voters with print disabilities who wish to return their ballots via facsimile ("fax") will be able to do so in the November 2024 general election:

1.  Establish accessible procedures that voters with print disabilities can use to attest that they have a print disability and therefore are eligible to use the fax-based ballot return procedures; and

2.  Establish accessible procedures that voters with print disabilities can use to complete and sign, with an electronic signature, an "oath of voter declaration" form that is substantially similar to the one that certain military and overseas voters must fax with their ballot pursuant to California Elections Code section 3106(a).

Defendant's duty under federal and state law to ensure equal access to California's Vote-By-Mail Program for voters with print disabilities necessitates these changes.

Plaintiffs bring this motion pursuant to Federal Rule of Civil Procedure 65. The motion is based on the materials cited herein; the accompanying declarations; the pleadings and evidence on file in this matter; and such other materials and argument as may be presented in connection with the hearing on the motion.

*Cal. Council of the Blind v. Weber*, Case No. 3:24-cv-01447-SK
**Notice of Motion and Motion for Preliminary Injunction**

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

California's Vote-By-Mail Program excludes and discriminates against individuals with print disabilities[1] because it requires them to rely on an assistant to return their ballots, compromising the privacy and independence of their votes—a hallmark of voting in the United States. *See Cal. Council of the Blind v. Cnty. of Alameda*, 985 F. Supp. 2d 1229, 1238 (N.D. Cal. 2013) ("one of the central features of voting, and one of its benefits, is voting privately and independently"); *see also Nabors v. Manglona*, 829 F.2d 902, 905 (9th Cir. 1987) ("Knowledge by the individual voter that his ballot choices can be monitored by others interferes with his fundamental electoral rights"). Although certain voters with print disabilities who access to the required technology may receive, read, and mark their ballots independently using their county's remote accessible vote-by-mail ("RAVBM") system, there currently is no option in California for them to privately and independently *return* their ballots. The current paper-based ballot return requirements, therefore, impose significant, unlawful barriers for voters with print disabilities. To ensure that Plaintiffs and their members have equal access to the Vote-By-Mail Program in the November 5, 2024, presidential general election, Plaintiffs seek a preliminary injunction requiring Defendant to provide voters with print disabilities with an accessible fax return option substantially similar to the fax return option already used by certain military and overseas voters. Accessible electronic ballot return is necessary to avoid irreparable harm to Plaintiffs, their members, and other voters with print disabilities, who will be deprived of their right to vote by mail privately and independently without this relief.

This case was filed by several individuals with print disabilities who normally vote either by mail with assistance or at in-person voting locations using accessible voting machines, as well as by two organizations that represent the interests of individuals with print disabilities. Because

---

[1] A "print disability" is a disability that prevents a voter from reading, marking, holding, handling, and/or manipulating a paper ballot, such that the voter is unable to complete and return the ballot privately and independently. Print disabilities include blindness, visual impairment, intellectual and developmental disabilities, and impairments in dexterity.

of the aforementioned accessibility barriers to using the Vote-by-Mail Program, each of the individual Plaintiffs is required to rely on a third party in order to vote by mail. Because they could not obtain that help, or were unwilling to reveal how they voted to someone else, some of the Plaintiffs have had to forgo the benefits of the Vote-by-Mail Program and instead have voted at an in-person voting location—despite additional burdens, such as needing to take time off of work or pay for transportation—because that is currently the only voting method that allows them to vote privately and independently. All of the individual Plaintiffs have assistive technology[2] that would enable them to return their ballots privately and independently via fax transmission for the November 5, 2024, general election if California provided them with that option as it already does for certain military and overseas voters.

Defendant's failure to provide an accessible ballot return option as part of the Vote-by-Mail Program "force[s]" Plaintiffs, their members, and other California voters with print disabilities "to reveal [their] political opinion[s]" to others, keeping them from "'enjoy[ing] the benefits of' the secret ballot afforded to most other voters." *Cal. Council of the Blind*, 985 F. Supp. 2d at 1239 (internal quotations omitted). Thus, these voters are deprived of the same opportunity to vote privately and independently through California's Vote-by-Mail Program that is available to voters without such disabilities, in violation of both federal and state law.

To comply with these laws, California must provide voters with print disabilities with an accessible electronic method for returning their vote-by-mail ballots ("e-return"). Fortunately, California already has a system in place for one such method: ballot return by fax. Fax-based ballot return is already available to certain California military and overseas voters. *See* Cal. Elec. Code § 3106 (certain military and overseas voters "may return their ballot by facsimile transmission."). The existing fax return infrastructure that is or should be available in every California county could

---

[2] Common assistive technology used by people with print disabilities includes screen readers, which read aloud text and other information on an electronic device, hardware or software that makes the keyboard easier to use for people with dexterity disabilities, and sip-and-puff devices, which enable a person to use compatible computerized and electronic equipment by making sipping and blowing motions with their mouth/breath and not requiring use of their hands and arms.

be readily modified to ensure accessibility (i.e., removal of any inaccessible, paper-based steps) and extended to voters with print disabilities in time for the November 2024 general election.[3]

"It is abundantly clear that [d]efendants" such as Defendant California Secretary of State "are obligated to provide a level of access to their voting program beyond the simple assurance that voters with disabilities are able to cast a ballot in some way, shape, or form." *United Spinal Ass'n v. Bd. of Elections in N.Y.C.*, 882 F. Supp. 2d 615, 623 (S.D.N.Y. 2012). Plaintiffs are entitled to a preliminary injunction ordering Defendant to immediately provide an accessible fax return option substantially similar to that in use by certain military and overseas voters in order to ensure California voters with print disabilities have equal access to the Vote-by-Mail Program for the November 5, 2024, general election. In addition, Plaintiffs are entitled to an order requiring Defendant to (1) establish accessible procedures that voters with print disabilities can use to attest that they have a print disability, as defined, and therefore are eligible to use the fax-based ballot return procedures and (2) establish accessible procedures to ensure that voters with print disabilities will be able to complete and sign, with an electronic signature, an "oath of voter declaration" form that is substantially similar to the one that certain military and overseas voters must fax with their ballot pursuant to California Elections Code section 3106(a).

## II.    STATEMENT OF FACTS

### A.    California's Vote-By-Mail Program is inaccessible to voters with print disabilities because there is no way for them to privately and independently return a ballot.

All California voters are eligible to vote by mail and every active registered California voter automatically receives a paper vote-by-mail ballot in the mail for each election. *See* Cal. Elec. Code § 3003 ("The vote by mail ballot shall be available *to any registered voter*.") (emphasis added); *Vote By Mail*, Cal. Sec'y of State, https://www.sos.ca.gov/elections/voter-

---

[3] This motion requests a fax-based e-return option because that option already is offered to other California voters and therefore may be the easiest e-return option to implement for voters with print disabilities in time for use in the November 5, 2024, general election. As this case proceeds, Plaintiffs reserve the right to request other, more accessible e-return methods, including online portals that are fully integrated into the RAVBM systems already certified for use in California elections.

---

registration/vote-mail (last visited Mar. 29, 2024) ("County elections officials mail vote-by-mail ballots to all active registered voters. Any registered voter may vote using a vote-by-mail ballot instead of going to the polls on Election Day."); *see also* Declaration of Rosa Lee Bichell in Support of Plaintiffs' Motion ("Bichell Decl.") at Exhibit A (copy of same). These ballots are automatically mailed to voters who register to vote far enough in advance of an election. *See, e.g.*, Cal. Elec. Code § 3000.5 (setting forth the timelines for mailing election materials to active registered voters). They are received, completed, and returned on paper. They may be returned by mail, in person to an elections official, or at a designated ballot drop-off location. Cal. Elec. Code § 3017(a)(1).

California's Vote-By-Mail Program currently also allows voters, upon request, to receive their ballots electronically through their county's remote accessible vote-by-mail (RAVBM) system. Although California has what are termed "remote accessible" vote-by-mail systems, those systems, because they also necessitate the use of paper, fail to provide equivalent access for voters with print disabilities.[4] Any California voter is eligible to receive, read, and mark their ballot electronically on their own device, such as a personal computer, using their county's RAVBM system. Cal. Elec. Code § 3016.7. California's Vote-by-Mail Program has incorporated RAVBM systems statewide since 2020. Cal. Elec. Code § 3116.5(c); Cal. Elec. Code § 3016.7.

Importantly, the Vote-by-Mail Program remains inaccessible for voters with print disabilities because voters who use RAVBM systems still must print their ballot selections on paper for submission to their elections official. For most voters, that means submitting a paper

---

[4] The California Secretary of State must certify or conditionally approve an RAVBM system before it can be used in an election in California. Cal. Elec. Code § 19281(a); *see also id.* § 19280 (conditioning certification and approval on fulfillment of statutory requirements and compliance with regulations promulgated by the Secretary of State). Available RAVBM systems meet the international standard for web-based content compatibility with the assistive technology used by those with disabilities, the Web Content Access Guidelines ("WCAG") of the international World Wide Web Consortium. *See, e.g.* SLI Compliance, *Democracy Live Secure Select 1.0 Usability, Accessibility and Privacy Test Report* (2017) at 19, https://votingsystems.cdn.sos.ca.gov/vendors/demlive/sli-dl-aup.PDF (last visited Mar. 29, 2024) ("The system was written to WCAG 2.0 guidelines to implement accessibility Features"); *see also* Bichell Decl. at Exhibit B (copy of same).

1   printout from the RAVBM system, enclosed in a government-issued paper ballot return envelope,

2   using one of the three methods a voter may use to return a paper vote-by-mail ballot: mail, in-

3   person delivery, or deposit at a ballot drop-off location.

4       Thus, while voters have the option of either paper or electronic format for marking their

5   ballot, California's Vote-by-Mail Program still requires them to return their ballot in inaccessible

6   paper form. Cal. Elec. Code § 3017 (describing requirement that ballots be returned in hard

7   copy). The notable exception to this requirement applies to certain military and overseas voters,

8   who have the option to return their ballots by fax. *See* Cal. Elec. Code § 3106.

9       Even with the implementation of RAVBM systems, California's Vote-By-Mail Program

10  remains inaccessible for voters with print disabilities because the available ballot return methods

11  still necessitate the use of paper, forcing voters with print disabilities to rely on others to return

12  their ballots. Moreover, voters with print disabilities as a group are excluded from the existing

13  fax return option that would make the Program more accessible for them and that is already

14  available to other groups of voters.

15      **B.**   **Plaintiffs, their members, and other voters with print disabilities have been**

16  **irreparably harmed by the inaccessibility of the Vote-By-Mail Program, and they will continue to be harmed absent a preliminary injunction.**

17      The de facto requirement that voters with print disabilities obtain assistance from another

18  person in order to participate in California's Vote-by-Mail Program inherently violates their

19  right, afforded to American citizens without print disabilities and long recognized as one of the

20  most fundamental in a democracy, to vote independently and to keep their vote confidential.

21  Voters with print disabilities who mark their ballot using a RAVBM system must rely on an

22  assistant to return the ballot, and they may have no way to be sure that their assistant does not

23  look at the printed ballot. Blind voters like Plaintiffs Christopher Gray and Vita Zavoli cannot

24  independently confirm that their RAVBM ballot printed correctly or that their assistant put their

25  ballot in the return envelope. Indeed, each of the individual Named Plaintiffs in this case, as well

26  as many members of organizational plaintiffs CCB and NFBCA, have had to rely on an assistant

27  to put their printed ballots in the envelope and return their RAVBM-marked ballots—just as they

28

1   had to do with their paper vote-by-mail ballots in elections before the RAVBMs systems were

2   available. *See* Declaration of Christopher Gray ¶ 10 (hereinafter "Gray Decl."); Declaration of

3   Russell Rawlings ¶ 8 (hereinafter "Rawlings Decl."); Declaration of Vita Zavoli ¶ 10 (hereinafter

4   "Zavoli Decl."); Declaration of Gabriel Griffith ¶¶ 11-14 (hereinafter "Griffith Decl.");

5   Declaration of Timothy Elder ¶¶ 8-10 (hereinafter "Elder Decl.").  Consequently, these voters

6   and others with print disabilities have been and continue to be denied the right to participate

7   privately and independently in California's Vote-by-Mail Program.

8         These discriminatory burdens on voters with print disabilities are entirely unnecessary in

9   light of readily available, accessible alternative methods for returning vote-by-mail ballots,

10   including fax-based ballot return which already is offered to certain California military and

11   overseas voters. These fax-based processes, if expanded to voters with print disabilities in a way

12   that ensures every step is accessible to them (meaning, among other things, that there are no

13   paper-based steps) would allow voters with print disabilities to cast their votes with the secrecy

14   and independence that is afforded to California voters without print disabilities.[5]

15         Plaintiffs and many of their members want to have and should have the option to vote by

16   mail privately and independently in the November 5, 2024, general election. Gray Decl. ¶¶ 9, 14-

17   15; Rawlings Decl. ¶¶ 14-15; Zavoli Decl. ¶¶ 14-18; Griffith Decl. ¶¶ 15-21; Elder Decl. ¶¶ 8-12.

18   They will not be able to do so if they are not offered an accessible e-return option.

19       **C.**    <u>**Other states throughout the country allow voters with disabilities to cast**</u>

20             <u>**their ballots using an accessible electronic return option.**</u>

21         States and localities across the country employ accessible e-return mechanisms that enable

22   voters with print disabilities to submit vote-by-mail[6] ballots privately and independently via

23   electronic means. Recognizing the importance of accessible electronic ballot return, at least 13

24

25

26   ---
   [5] Again, Plaintiffs reserve the right to advocate for other, more accessible e-return methods as
   this case proceeds, including online portals that are fully integrated into the RAVBM systems

27   already certified for use in California elections. *See* fn. 3, *supra*.
   [6] California uses variations on the term "vote-by-mail" where other states refer to "absentee"

28   voting.

1    other states already offer a form of e-return for at least some voters with disabilities. Alaska,[7]

2    Delaware,[8] Hawaii,[9] Indiana,[10] Louisiana,[11] Maine,[12] Nevada,[13] Rhode Island,[14]

3

4

5

6    [7] Alaska voters are permitted to return ballots electronically by fax. *See* Alaska Stat. § 15.20.066. *See also. Absentee and Early Voting*, Div. of Elect. State of Alaska,

7    https://www.elections.alaska.gov/absentee-and-early-voting/ (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit C (copy of same).

8    [8] Certain Delaware voters are permitted to return ballots via email or fax. *See* Del. Code. Ann. tit. 15 § 5525, § 5503, § 5502(4). *See also Absentee Voting in Delaware*, State of Delaware,

9    https://elections.delaware.gov/voter/absentee/ (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit D (copy of same).

10   [9] Some voters in Hawaii are permitted to return their ballots electronically via email. *See* Haw. Rev. Stat. § 15-5. *See also Voters Requiring Assistance*, State of Haw. Off. of Elect. (Sept. 14,

11   2022), https://elections.hawaii.gov/voting/voters-requiring-assistance/ (last visited Mar. 29,

12   2024); *see also* Bichell Decl. at Exhibit E (copy of same).
     [10]Voters with print disabilities in Indiana may submit ballots electronically by email or fax. *See*

13   Ind. Code § 3-11-4-6; *American Council of the Blind v. Ind. Elect. Comm'n Settlement Agreement*, Indiana Disability Rights (Jan. 17, 2023), https://www.in.gov/idr/reports-and-

14   press/acbi-v.-iec-settlement-agreement/ (last visited Mar. 29, 2024) (granting access to email ballot return for voters with print disabilities); *see also* Bichell Decl. at Exhibit F (copy of same).

15   [11] Louisiana allows certain voters to return ballots via fax. *See* La. Stat. Ann. tit. 18 § 1308(A)(1)(d). *See also Vote Absentee*, La. Sec'y of State,

16   https://www.sos.la.gov/ElectionsAndVoting/Vote/VoteByMail/Pages/default.aspx (last visited

17   Mar. 29, 2024); *see also* Bichell Decl. at Exhibit G (copy of same).
     [12] Voters with certain disabilities in Maine are permitted to return ballots vie e-return. *See* Maine

18   Rev. Stat. tit. 21-A § 809-A(3). *See also Accessible Voting*, Dep't of the Sec'y of State Bureau of Corp., Elect. & Commissions. (2020), https://www.maine.gov/sos/cec/elec/voter-

19   info/accessiblevoting.html (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit H (copy of same).

20   [13] Some Nevada voters are permitted to return ballots by email or fax. *See* Nev. Admin. Code §

21   293.206 ("a registered voter with a disability may use the system of approved electronic

22   transmission established pursuant to [the state code provision that permits e-return for UOCAVA voters] to apply for and cast a ballot"). *See also Voters with Disabilities*, Nev. Sec'y of State,

23   https://www.nvsos.gov/sos/elections/voters/voters-with-disabilities (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit I (copy of same); *EASE – Overview*, Nev. Sec'y of State,

24   https://www.nvsos.gov/sos/elections/voters/uniformed-overseas-citizens/ease-overview (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit J (copy of same).

25   [14] Certain voters with disabilities in Rhode Island are permitted to return ballots via email and some may do so over fax. *See* R.I. Gen. Laws § 17-20-6.1 (permitting UOCAVA voters to

26   submit ballots via electronic transmission); R.I. Gen. Laws § 17-20-9 (extending e-return

27   available to UOCAVA voters to voters with certain disabilities). *See also Accessibility and Voting Assistance*, R.I. Dep't of State, https://vote.sos.ri.gov/Voter/AccessibleVoting (last visited

28   Mar. 29, 2024); *see also* Bichell Decl. at Exhibit K (copy of same).

and Utah[15] allow certain voters to return ballots electronically over email and/or fax. Four states—

Colorado,[16] Massachusetts,[17] North Carolina,[18] and West Virginia[19]—allow certain voters

with disabilities to return their ballot using a RAVBM system's accessible electronic return

portal.[20]

        **D.**     <u>**California already allows certain military and overseas voters to return their ballots electronically by fax, and it should easily be able to expand this option to voters with print disabilities.**</u>

---

[15] Some Utah voters with disabilities are permitted to return ballots via email or fax. *See* Utah Code Ann. § 20A-3a-201 (permitting voters with disabilities to vote remotely "via electronic means"). *Information for Voters with Disabilities,* Lt. Gov. of Utah (2023), https://vote.utah.gov/information-for-voters-with-disabilities/ (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit L (copy of same).

[16] Colorado voters with print disabilities have the option to return their ballots electronically via email, fax, or an accessible electronic portal. *See* Colo. Rev. Stat. § 1-5-706 ("the secretary of state shall establish an electronic transmission system through which a voter with a disability may request and return a ballot . . . . A voter with a disability who receives a ballot pursuant to this subsection (2) may print and return the ballot or may return the ballot by electronic transmission if the voter affirms the voter is an eligible person in accordance with subsection (2)(d) of this section."). *See also Accessible Voting: Electronic ballot access*, Colo. Sec'y of State, https://www.sos.state.co.us/pubs/elections/accessibleVoting.html (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit M (copy of same).

[17] Massachusetts voters with print disabilities are permitted to submit their ballots via an accessible online portal. *See Voters with Disabilities— Accessible Vote by Mail Ballot*, Sec'y of the Commonwealth of Mass., https://www.sstate.ma.us/divisions/elections/voting-information/voters-with-disabilities.htm (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit N (copy of same).

[18] Certain voters with print disabilities in North Carolina are permitted to return ballots via an accessible online portal. *See Accessible Absentee Voting*, N.C. State Bd. of Elect., https://www.ncsbe.gov/voting/help-voters-disabilities/accessible-absentee-voting (last visited Mar. 29, 2024) ("If you are a blind or visually impaired voter in North Carolina, you may request, mark, and return an accessible absentee ballot online through the N.C. Absentee Ballot Portal, which provides these services. It is compatible with screen readers and allows for a digital or typed signature."); *see also* Bichell Decl. at Exhibit O (copy of same).

[19] Some voters with disabilities in West Virginia are permitted to return ballots via an accessible online portal. *See* W. Va. Code R.§ 3-3-5 (describing procedure for electronic ballot return for eligible voters, including voters with disabilities). *See also Voters with Physical Disabilities Absentee Voting Information*, W. Va. Sec'y of State Mac Warner (2023), https://sos.wv.gov/elections/Pages/DisabledVotersEVoting.aspx (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit P (copy of same).

[20] The RAVBM systems currently certified for use in California do not offer a ballot return option via such a portal.

1    Under California law, certain military and overseas voters are permitted to return their

2    vote-by-mail ballots electronically by fax. Cal. Elec. Code § 3106. The California Secretary of

3    State has authority over aspects of the voting process for military and overseas voters. *See, e.g.*,

4    Cal. Elec. Code § 3101(a) (enforcement authority); *id.* § 3101(e) (authority to prescribe

5    requirements for "the timely and proper completion of a military or overseas voter's ballot"). Every

6    county in California therefore already has or should have infrastructure for receiving vote-by-mail

7    ballots by fax[21], and they should be able to expand the option so that it is available to voters with

8    print disabilities.

9    In order for the fax-return process to be accessible to voters with print disabilities from

10   start to finish, the voter would first obtain and mark their ballot on their own device, such as a

11   personal computer, tablet, or smartphone, using their county's existing RAVBM system and their

12   own assistive technology, as some California voters already do. After marking and reviewing their

13   ballot, the voter would save a portable document format ("PDF") version of the ballot on their

14   device and then fax the PDF version of their ballot to their county elections office, using the fax

15   number already provided to certain military and overseas voters. The few modest additions to the

16   existing fax-return infrastructure that this relief would require would include establishing

17   accessible procedures that voters with print disabilities can use to (1) attest that they have a print

18   disability, as defined, and therefore are eligible to use the fax-based ballot return procedures;[22]

19

---

20   [21] *See, e.g., Military & Overseas Voters*, Cal. Sec'y of State (2024),

21   https://www.sos.ca.gov/elections/voter-registration/military-overseas-voters (listing counties' dedicated fax return information) (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit Q (copy of same).

22   [22] There are various ways Defendant could allow voters with disabilities to attest that they have a

23   print disability and thus are eligible to use the fax-based ballot-return option. The most straight-forward method likely would be including a statement to that effect (e.g., "I have a disability that

24   prevents me from reading, marking, holding, handling, and/or manipulating a paper ballot. As a result, I cannot complete and return a paper ballot privately and independently.") on an

25   accessible electronic form and requiring the voter to sign the form, using an electronic signature, under penalty of perjury. *See* Cal. Civil Code § 1633.2(h) (defining "Electronic signature" as "an

26   electronic sound, symbol or process attached to or logically associated with an electronic record

27   and executed or adopted by a person with the intent of signing an electronic record"). If such a form were used, Plaintiffs recommend combining the attestation language with the "oath of voter

28

---

1  and (ii) complete and sign, with an accessible electronic signature, an "oath of voter declaration"

2  form that is substantially similar to the one that certain military and overseas voters must fax with

3  their ballot pursuant to California Elections Code section 3106(a).[23]

4        Providing a slightly modified version of the existing fax-based ballot return option to voters

5  with print disabilities would allow them to vote privately and independently.

6  **III.    <u>LEGAL STANDARD FOR PRELIMINARY INJUNCTION</u>**

7        Plaintiffs are entitled to a preliminary injunction if they can show that (1) they are "likely

8  to succeed on the merits," (2) they are "likely to suffer irreparable harm in the absence of

9  preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) an injunction is "in

10  the public interest." *LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947, 956 (9th Cir.

11  2021) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)) (internal quotation

12  marks omitted). These elements "must be balanced, so that a stronger showing of one element

13  may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

14  "For example, a stronger showing of irreparable harm . . . might offset a lesser showing of

15  likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131

16  (9th Cir. 2011). In addition, "serious questions going to the merits and a balance of hardships

17

18  declaration" language, *see* fn. 22, *infra*, so that voters must complete only a single form.  To be accessible to voters with print disabilities, the electronic form would have to be compatible with

19  assistive technology commonly used by people with print disabilities, including screen readers. It is easy and common to make accessible electronic forms PDF, for example. Accessible methods

20  of providing an electronic signature include using a software program like DocuSign, allowing the voter to type their name, and allowing insertion of an electronic image of the voter's

21  signature. North Carolina, which provides an electronic ballot-return option for blind and visually impaired voters, allows such voters to submit "a digital or typed signature." *See, e.g.*,

22  *Accessible Absentee Voting*, N.C. State Bd. of Elect., <u>https://www.ncsbe.gov/voting/help-voters-</u>

23  <u>disabilities/accessible-absentee-voting</u> (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit O (copy of same)

24  [23] California voters returning paper vote-by-mail ballots must sign an "identification envelope" including a declaration attesting to their residence and date of signing, among other information.

25  Cal. Elec. Code §§ 3011(a)(1)-(4).  Military and overseas voters must sign an "oath of voter

26  declaration" form provided by their County, which includes all information required in the voter declaration under California Elections Code §§ 3011(a)(1)-(4), as well as an acknowledgment of

27  fax return. Cal. Elec. Code § 3106(a). Plaintiffs and other voters with print disabilities would need an accessible form or forms covering the elements required by California Elections Code §§

28  3011(a)(1)-(4) and § 3106(a) to return by fax with their ballots.

1  that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as

2  the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in

3  the public interest." *Id.* at 1135 (internal quotations omitted).

4  **IV.   STATUTORY & REGULATORY BACKGROUND**

5  Title II of the Americans with Disabilities of 1990 ("ADA") provides that "no qualified

6  individual with a disability shall, by reason of such disability, be excluded from participation in or

7  be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

8  discrimination by any such entity." 42 U.S.C. § 12132. Section 504 of the Rehabilitation Act of

9  1973 ("Section 504") similarly prohibits disability-based discrimination by recipients of federal

10  financial assistance. 29 U.S.C. § 794. Under Title II's implementing regulations,  a public entity

11  may not, in providing any aid, benefit, or service, "[d]eny a qualified individual with a disability

12  the opportunity to participate in or benefit from the aid, benefit, or service[,]" "[a]fford a qualified

13  individual with a disability an opportunity to participate in or benefit from the aid, benefit, or

14  service that is not equal to that afforded others[,]" or "[p]rovide a qualified individual with a

15  disability with an aid, benefit, or service that is not as effective in affording equal opportunity to

16  obtain the same result, to gain the same benefit, or to reach the same level of achievement as that

17  provided to others[.]" 28 C.F.R. §§ 35.130(b)(1)(i)-(iii). In addition, "[a] public entity shall make

18  reasonable modifications in policies, practices, or procedures when the modifications are necessary

19  to avoid discrimination on the basis of disability," unless doing so would create a fundamental

20  alteration of the service. 28 C.F.R. §§ 35.130(b)(7)(i). This "reasonable modification" requirement

21  of federal law can preempt conflicting state laws and regulations.[24]

22  Under the Title II and Section 504 regulations, covered entities must "take appropriate

23  steps to ensure that communications with . . . participants . . . with disabilities are as effective as

24  communications with others." 28 C.F.R. § 35.160(a)(1); 28 C.F.R. § 41.51(e) ("Recipients shall

25  take appropriate steps to ensure that communications with their applicants, employees, and

26  beneficiaries are available to persons with impaired vision and hearing."). Thus, it is not enough

27

28  [24] *See* fn. 28, *infra*.

for a public entity to provide facially identical communication methods, as such methods may not produce identical communication outcomes for qualified individuals with disabilities. Rather, the law mandates that public entities provide individuals with auxiliary aids and services:

> (b)(1) A public entity *shall furnish appropriate auxiliary aids and services* where necessary to afford individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity.

> (b)(2) . . . In determining what types of auxiliary aids and services are necessary, *a public entity shall give primary consideration to the requests of individuals with disabilities.* In order to be effective, auxiliary aids and services must be provided in *accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.*

28 C.F.R. § 35.160 (emphasis added). Auxiliary aids and services include "accessible electronic and information technology," such as the ballot e-return process that Plaintiffs seek. 28 C.F.R. § 35.104.

Cal. Govt. Code section 11135 and the regulations promulgated thereunder prohibit discrimination against people with disabilities by recipients of state funding such as Defendant SOS. "[A] violation of Title II of the ADA is a violation of § 11135." *Cal. Council of the Blind*, 985 F. Supp. 2d at 1245 (citing Cal. Gov't Code § 11135(b)). As such, for purposes of this motion, all references to Defendant's violations of Title II of the ADA and Plaintiffs' likelihood of success on the merits of their claims under the ADA also incorporate their claims under Cal. Govt. Code section 11135.

## V.   **ARGUMENT**

Plaintiffs are entitled to a preliminary injunction because they satisfy all four elements of the above test. First, they are likely to succeed on the merits of their claims under federal and state disability antidiscrimination law. Second, if a preliminary injunction is not granted, they will suffer the irreparable harm of being forced to sacrifice their right to vote by mail *privately and independently*. Third, the balance of equities tips in Plaintiffs' favor because Defendant will incur little cost or burden to comply with the law, compared with the unlawful disability discrimination Plaintiffs and their members will face absent an accessible ballot-return option.

1    Fourth, granting the preliminary injunction sought by Plaintiffs is in the public interest because

2    "[t]he right to vote freely . . .  is of the essence of a democratic society, and any restrictions on

3    that right strike at the heart of representative government," *Reynolds v. Sims*, 377 U.S. 533, 555

4    (1964).

5         **A.       Plaintiffs are likely to succeed on the merits of their claims that the ADA,**
         **Section 504, and Cal. Gov't. Code section 11135 require a ballot-return**

6         **method for vote-by-mail ballots that is accessible to voters with print**
         **disabilities.**

7

8         In the preliminary-injunction context, a "likelihood of success" exists if the party seeking

9    the injunctive relief shows that they have "a fair chance of success." *In re Focus Media Inc.*, 387

10   F.3d 1077, 1086 (9th Cir. 2004) (citing *Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th

11   Cir. 1988)).

12        Plaintiffs are likely to succeed on the merits of their claims that California's Vote-by-Mail

13   program denies them and their members equal access to California's Vote-by-Mail program by

14   reason of their disabilities. A successful claim under Title II of the ADA requires (1) that Plaintiffs

15   are "qualified individual[s] with a disability"; (2) that Plaintiffs were "excluded from participation

16   in or denied the benefits of a public entity's services, programs or activities, or [were] otherwise

17   discriminated against by the public entity"; and (3) that "such exclusion, denial of benefits, or

18   discrimination was by reason of [] disability." *Cal. Council of the Blind*, 985 F. Supp. 2d at 1235

19   (citing *Weinreich v. L.A. Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)). Claims

20   under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq*., are generally analyzed the

21   same as ADA claims. *See Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021) ("The

22   two laws are interpreted coextensively because there is no significant difference in the analysis of

23   rights and obligations created by the two Acts.") (internal quotations and citations omitted).

24   Plaintiffs demonstrate all three elements of their ADA claim and thus a likelihood of success on

25   the merits.

26

27

28

1

### 1. Plaintiffs and many of their members are qualified individuals with disabilities.

Plaintiffs easily satisfy the first element: that they and many of their members are qualified individuals with disabilities. Under the ADA, a disability is a "physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A); 28 C.F.R. § 41.31 (identical definition under Section 504). Plaintiffs Christopher Gray and Vita Zavoli are blind, which substantially limits their ability to see, read and handle print materials. Gray Decl. ¶¶ 4, 8-9; Zavoli Decl. ¶¶ 4, 9. Plaintiff Russell Rawlings has cerebral palsy, which limits his manual dexterity and, therefore, his ability to handle print materials. Rawlings Decl. ¶¶ 4-5. And many members of Plaintiff organizations NFBCA and CCB are people with disabilities, including blindness and print disabilities. Elder Decl. ¶¶ 4-6; Griffith Decl. ¶¶ 6-7.

A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable modifications to rules, policies or practices . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for . . . participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2); *see also* 29 U.S.C. § 794 (defining "individual with a disability" for purposes of Section 504 under 29 U.S.C. § 705, which reiterates the definition under the ADA). All of the individual plaintiffs are registered to vote in California and qualify to and intend to vote in the November 5, 2024, general election. Gray Decl. ¶ 3; Rawlings Decl. ¶ 3; Zavoli Decl. ¶ 3. As registered California voters, they are qualified to participate in California's Vote-by-Mail Program. So too, are many members of Plaintiff organizations NFBCA and CCB. Griffith Decl. ¶ 11. Elder Decl. ¶ 8.

### 2. Plaintiffs and many of their members have been excluded from participation in and/or denied the benefits of California's Vote-by-Mail Program and/or otherwise discriminated against by Defendant.

Defendant is a covered entity under the statutes. Title II of the ADA governs the conduct of any "public entity," meaning "(A) any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). Section 504 governs the programs or activities of all recipients of federal

1   financial assistance. 29 U.S.C. § 794(a). Defendant is the current California Secretary of State. As

2   Secretary of State, Defendant is the "chief elections officer of the state," who "administer[s] the

3   provisions of the Elections Code." Cal. Gov't Code § 12172.5(a); *accord* Cal. Elec. Code § 10(a).

4   In that capacity, she is required to "adopt and publish standards and regulations governing the use

5   of remote accessible vote by mail systems," Cal. Elec. Code § 19283(a), and no RAVBM system

6   may be used in an election in California until it has been "certified or conditionally approved" by

7   her, *id.* § 19281(a). She is sued only in her official capacity. *See Nat'l Fed'n of the Blind v. Lamone*,

8   813 F.3d 494, 503 (4th Cir. 2016) (indicating no dispute regarding the "public entity" prong of the

9   ADA when various elections agencies and related individuals were sued in their official

10  capacities). Defendant's receipt of federal financial assistance for election-related activities,

11  including millions of dollars in federal funding to support state elections administration under the

12  Help America Vote Act (HAVA) and other federal programs, makes her subject to the

13  Rehabilitation Act.[25] Accordingly, Defendant is a covered entity subject to the ADA and the

14  Rehabilitation Act. Defendant also receives state funding[26] and is therefore also covered by

15  California Government Code section 11135.

16          All California voters have the right to a secret ballot under the California Constitution. *See*

17  Art. II, Sec. 7 ("Voting shall be secret.); *see also Voter Bill of Rights,* Cal. Sec'y of State (2024),

18  https://www.sos.ca.gov/elections/voter-bill-rights (last visited Mar. 29, 2024) (stating that every

19  CA voter has the "right to cast a secret ballot"); Bichell Decl. at Exhibit T (copy of same).

20  Furthermore, where a state provides broad access to private, independent vote-by-mail procedures

21  among its non-disabled citizens, it must do so for its voters with disabilities as well. California's

22  Vote-by-Mail Program is a "program, service, or activity" under the ADA in its own right separate

23  from voting as a whole.  *Lamone*, 813 F.3d at 504 (recognizing and analyzing the accessibility of

24

---

25  [25] *FY23 State HAVA Allocation* (2023), U.S. Election Assistance Comm.,
26  https://www.eac.gov/sites/default/files/Grants/FY23_StatebyStateElectionSecurityAllocation.pdf
    (last visited Mar. 29, 2024); *see also* Bichell Decl. at Exhibit R (copy of same); *Funding,* Cal.
27  Sec'y of State (2018), https://www.sos.ca.gov/elections/ovsta/funding (last visited Mar. 29,
    2024); *see also* Bichell Decl. at Exhibit S (copy of same)
28  [26] *See id.*

---

*Cal. Council of the Blind v. Weber*, Case No. 3:24-cv-01447-SK          **16**
**Notice of Motion and Motion for Preliminary Injunction**

the absentee voting program as its own program required to be accessible to people with disabilities); *see also Taliaferro v. N. Carolina State Bd. of Elections*, 489 F. Supp. 3d 433, 437–38 (E.D.N.C. 2020) (assuming without deciding that absentee voting was the program, service, or activity to be analyzed); *Drenth v. Boockvar*, No. 1:20-CV-00829, 2020 WL 2745729, at *5 (M.D. Pa. May 27, 2020) (same). *See generally Hindel v. Husted*, 875 F.3d 344 (6th Cir. 2017) (same).

California's paper-based ballot return requirement discriminates against voters with print disabilities because it requires these voters to unwillingly accept the assistance of others in order to vote by mail, thereby denying them effective communication and a voting experience that is equal to that of voters without print disabilities. Forcing voters with print disabilities to depend on assistants to return a marked vote-by-mail ballot violates the ADA, Section 504, and California law by forcing them to sacrifice their privacy and independence. *See Cal. Council of the Blind*, 985 F. Supp. 2d at 1238 ("[O]ne of the central features of voting, and one of its benefits, is voting privately and independently. . . [U]nder the terms of the ADA or the Rehabilitation Act, the covered entity must provide meaningful access to private and independent voting."); *Disabled in Action v. Bd. of Elections in N.Y.C*, 752 F.3d 189, 199-200 (2d Cir. 2014) (emphasizing the importance of privacy and independence for voters with disabilities in the context of a public entity's voting program). "'[E]ffectively requiring disabled individuals to rely on the assistance of others to vote absentee' denies such voters meaningful access to the state's absentee voting program." *Taliaferro*, 489 F. Supp. 3d at 437 (quoting *Lamone,* 813 F.3d at 507); *see also Drenth*, 2020 WL 2745729, at *5 (finding likely violations of the ADA and the Rehabilitation Act where blind voters were not able to complete absentee ballots privately and independently); Help America Vote Act of 2002, Pub. L. No. 107–252, § 301, 116 Stat. 1666, 1704 (*codified as amended at* 52 U.S.C. § 21081) (enshrining the right to review and change one's ballot privately and independently in federal elections); 28 C.F.R. § 35.160(b)(2) (auxiliary aids must be accessible and provided in such a way as to protect the "privacy and independence" of the individual with a disability);

1    Voters with print disabilities are entitled to a private and independent vote-by-mail

2    experience. Paper-based vote-by-mail procedures discriminate against voters with print

3    disabilities, because they deprive them of the right to cast a private and independent vote, and

4    require that disabled individuals rely upon the kindness, availability, and accuracy of nondisabled

5    third parties to assist them in returning their vote-by-mail ballots.  *See Lamone*, 813 F.3d at 507

6    ("The right to vote should not be contingent on the happenstance that others are available to help.")

7    (*quoting Disabled in Action*, 752 F.3d at 200); *Am. Council of the Blind v. Paulson*, 525 F.3d 1256,

8    1270 (D.C. Cir. 2008) ("[T]he Rehabilitation Act's emphasis on independent living and self-

9    sufficiency ensures that, for the disabled, the enjoyment of a public benefit is not contingent upon

10   the cooperation of third person.").

11                    *3.   Defendant's discrimination is by reason of disability.*

12    But for their disabilities, Plaintiffs would not need an auxiliary aid to access the Vote-by-

13   Mail Program. And the law does not permit Defendant to require that Plaintiffs rely upon the

14   kindness, availability, and accuracy of nondisabled third parties to assist them in submitting their

15   vote-by-mail ballots. *See, e.g.*, *Paulson*, 525 F.3d at1264 ("While [t]here was a time when disabled

16   people had no choice but to ask for help – to rely on the kindness of strangers[,] . . .  [i]t can no

17   longer be successfully argued that a blind person has meaningful access to currency if she cannot

18   accurately identify paper money without assistance.") (internal quotations omitted). Defendant's

19   refusal to provide an accessible ballot return mechanism deprives Plaintiffs of meaningful access

20   to the Vote-by-Mail Program, and thus constitutes a violation of the ADA, Section 504, and Cal.

21   Govt. Code section 11135.

22                    *4.   No defense is applicable.*

23    Covered entities may avoid the requirement to ensure equally effective communication

24   with people with disabilities only if they can demonstrate that doing so would constitute an undue

25   burden or fundamental alteration of their program, service, or activity. 28 C.F.R. § 35.164; *Cal.*

26   *Council of the Blind*, 985 F. Supp. 2d at 1237 (citing *K.M. ex rel. Bright v. Tustin Unified Sch.*

27   *Dist.*, 725 F.3d 1088, 1096 (9th Cir. 2013). Defendants certainly cannot meet that burden here, as

28

1  the relief Plaintiffs seek through this motion is to extend, to voters with print disabilities, the

2  existing fax return mechanism already available to military and overseas voters.

3        Defendant's Vote-by-Mail Program is discriminatory because of the absence of auxiliary

4  aids and services, but this problem can be easily solved. The e-return mechanism that Plaintiffs

5  ask for here—fax—is already offered to certain other California voters.  The relief that Plaintiffs

6  request is merely access to fax return procedures similar to those currently used by other California

7  voters already and therefore may primarily be implemented using preexisting processes and

8  procedures in all California counties.[27]  The law requires that Defendant provide auxiliary aids and

9  services to ensure effective communication for Plaintiffs and other voters with print disabilities,

10 all of whom need an e-return method that allows them to return their ballots privately and

11 independently, in the same way other voters already can. Defendant must take the steps necessary

12 to implement this option in an accessible manner for voters with print disabilities. Because federal

13 law requires the provisions of auxiliary aids to ensure equally effective communication, Plaintiffs

14 are likely to succeed on the merits of their claims under the ADA, Rehabilitation Act, and

15 California Government Code section 11135. This is so even if the provision of fax-based e-return

16 for voters with print disabilities would otherwise not be allowed by current state laws or

17 regulations: to the extent such laws or regulations conflict with changes necessary to ensure equal

18 access and effective communication, they are preempted by the antidiscrimination mandates of

19 federal law. [28]

20

21

_____

22 [27] *See, e.g.,* fn. 21, *supra*.

[28] *See, e.g., Crowder v. Kitagawa*, 81 F.3d 1480, 1485 (9th Cir. 1996) (holding that reasonable
23 modification requirement of the ADA can require modifying conflicting state administrative
regulation); *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144 (2d Cir. 2013) (finding
24 "nothing in the statutory phrase 'reasonable modification' to suggest that Congress intended to
exclude modifications that require violation or waiver of mandatory state statutes in some
25 circumstances"); *Hindel v. Husted*, 875 F.3d 344, 349 (6th Cir. 2017) (finding that state law
requiring all voting machines to be certified did not make requested modification involving
26 uncertified machines facially unreasonable, because "a state procedural requirement may not
excuse a substantive ADA violation," and "[r]equiring public entities to make changes to rules,
27 policies, practices, or services is exactly what the ADA does") (internal quotation marks
omitted).
28

**B.**     <u>**Plaintiffs and many of their members will suffer irreparable harm if**</u>
<u>**Defendant does not implement an accessible fax-return option in time for use**</u>
<u>**in the November 5, 2024, general election.**</u>

Plaintiffs have demonstrated irreparable harm because they are being deprived of a reasonable opportunity to exercise their constitutional right to vote privately and independently through California's Vote-by-Mail Program, by reason of their print disabilities.

The right to vote "is of the most fundamental significance under our constitutional structure," *Ill. State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979) (internal citation omitted), and courts routinely hold that a violation of the right to vote constitutes irreparable harm. *League of Women Voters of N.C. v. N.C.*, 769 F.3d 224, 247 (4th Cir. 2014) (*citing Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)); *Williams v. Salerno*, 792 F.2d 323, 326 (2d Cir. 1986) (finding that plaintiffs in case would "certainly suffer irreparable harm if their right to vote were impinged upon"); *Davis v. Stapleton*, 480 F. Supp. 3d 1099, 1108 (D. Mont. 2020) (finding irreparable harm when voting restricted because "[o]nce [an] election occurs, there can be no do-over and no redress.") (internal citations omitted); *Ind. State Conf. of the NAACP v. Lawson*, 326 F. Supp. 3d 646, 663 (S.D. Ind. 2018)*, aff'd sub nom. Common Cause Ind. v. Lawson*, 937 F.3d 944 (7th Cir. 2019) ("As has been held by numerous other courts, a violation of the right to vote is presumptively an irreparable harm."). Indeed, courts have specifically found that relying on paper-based vote-by-mail mechanisms causes irreparable harm to voters with some print disabilities. *See, e.g.*, *Taliaferro*, 489 F. Supp. 3d at 438 ("Plaintiffs have demonstrated irreparable harm… Further, there are no ascertainable money damages that could be calculated to compensate plaintiffs for the denial of their right to cast a private ballot in the November 2020 or any future election."); *Drenth,* 2020 WL 2745729, at *5 ("Plaintiffs would suffer irreparable injury because they are effectively forced to choose between forfeiting their right to vote privately and independently or risking their health and safety by traveling to a polling place to vote in person . . . . The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (internal quotations and citations omitted); *Nat'l Fed'n of the Blind v. Lamone*, No. CIV.A. RDB-14-1631, 2014 WL 4388342, at *15 (D. Md. Sept.

4, 2014), *aff'd sub nom. Lamone*, 813 F.3d 494 (4th Cir. 2016) (Finding irreparable harm because "Plaintiffs [were] being deprived of their right to vote by absentee ballot privately and independently, and the end of that deprivation is nowhere in sight.").

Observing that people with disabilities faced extensive barriers to voting,[29] Congress was motivated to enact the ADA in part specifically to protect the right of people with disabilities to vote. *See* 42 U.S.C. § 12101(a)(3) (describing Congress' findings that "discrimination against individuals with disabilities persists in such critical areas as… voting"). California law provides for a right to a secret ballot, including for "absent" voters. *Scott v. Kenyon*, 16 Cal. 2d 197, 200 (1940) (discussing how California statutes were "designed to carefully protect the absent voter in his right to a secret ballot, which is the very foundation of our election system"); Cal. Const. Art. II, Sec. 7 ("Voting shall be secret."); Cal. Elec. Code § 2300(a)(4) (California voters have "the right to cast a secret ballot free from intimidation."). Requiring voters with print disabilities to rely on third parties in order to return their inaccessible paper vote-by-mail ballots prevents them from "enjoy[ing] the benefits of' the secret ballot afforded to most other voters." *Cal. Council of the Blind*, 985 F. Supp. 2d at 1239 (internal quotations omitted).

Here, while California voters without print disabilities may submit a paper vote-by-mail ballot privately and independently without needing to disclose their choices to any third party, such is not the case for Plaintiffs and other California voters with print disabilities, who must rely on assistants to return their ballots. Plaintiffs in this suit, including the Plaintiff organizations' members, have had to disclose the contents of their ballot to an assistant—forgoing their right to a secret ballot under the California Constitution and their right to privacy and independence under federal law—in order to participate in the Vote-By-Mail Program in past elections. Gray Decl. ¶¶ 8-10; Rawlings Decl. ¶¶ 6-11; Zavoli Decl. ¶¶ 9-13; Griffith Decl. ¶¶ 12-14; Elder Decl. ¶¶ 8-10.

---

[29] *See, e.g.,* L. Schur, D. Kruse, M. Ameri & M. Adya, *Disability and Voting Accessibility in the 2022 Elections*, Rutgers School of Management & Labor Relations and the U.S. Election Assistance Commission, https://www.eac.gov/sites/default/files/2023-07/EAC_2023_Rutgers_Report_FINAL.pdf (last visited Mar. 29, 2024) (describing ongoing barriers including lack of accessible transportation to polling sites, inaccessible polling sites, inaccessible ballots, and inaccessible voting machines); *see also* Bichell Decl. at Exhibit U (copy of same)

1  Plaintiffs and their members have a right to vote privately and independently in November 2024
2  and all future elections. If the Vote-by-Mail Program remains inaccessible, there is no remedy at
3  law that can turn back time and give Plaintiffs and their members the ability to cast a private and
4  independent ballot by mail. Plaintiffs have thus demonstrated irreparable harm.

### C.   The balance of equities tips in Plaintiffs' favor.

6  The balance of equities tips sharply in favor of Plaintiffs. Requiring Defendant to comply
7  with the law and offer, as part of the Vote-by-Mail Program, an accessible ballot-return option that
8  it already provides for other voters is not a cognizable hardship. That is even more so true when
9  compared to the violation of Plaintiffs' and their members' fundamental right to vote. The mere
10 existence of state law restricting the current ballot return mechanisms is not sufficient grounds for
11 Defendant to argue that Plaintiffs' requested relief poses an undue burden or fundamental
12 alteration. Indeed, "the demands of the federal Rehabilitation Act do not yield to state laws that
13 discriminate against the disabled; it works the other way around." *Barber ex rel. Barber v. Colo.*
14 *Dep't of Revenue*, 562 F.3d 1222, 1234 (10th Cir. 2009) (Gorsuch, J., concurring) (citing *Quinones*
15 *v. City of Evanston, Ill.*, 58 F.3d 275, 277 (7th Cir.1995)).[30] Furthermore, allowing voters with
16 print disabilities to return their ballots via fax would not require a significant modification of
17 existing vote-by-mail infrastructure.

18 The "irreparable injury Plaintiffs would suffer to their fundamental right to vote" by not
19 providing accessible means for voters with print disabilities to vote by mail ballot outweighs any
20 regulatory or monetary costs to Defendant. *Drenth*, 2020 WL 2745729, at *5. The balance of
21 equities especially tips in favor of Plaintiffs because accessible e-return tools are "available and
22 capable of implementation at this time." *Nat'l Fed'n of the Blind v. Lamone*, 2014 WL 4388342 at
23 *15.

---

[30] *See also* fn. 28, *supra*.

1    Finally, Defendant has between now and October 7, 2024,[31] to plan and implement fax-

2    based ballot return for voters with print disabilities. This is a considerable period of time compared

3    to the time period in which other state boards of elections implemented accessible vote-by-mail

4    systems in 2020. *See, e.g., Taliaferro,* 489 F. Supp. 3d at 440 (in which the court ordered the state

5    Board of Elections to extend the e-return portal for overseas and military voters to voters with

6    certain print disabilities statewide in fewer than five weeks). Between the rights at stake and the

7    relative simplicity of the preliminary injunction requested, the balance of equities tips sharply in

8    favor of Plaintiffs.

9    **D.**      **Granting Plaintiffs' requested preliminary injunction is in the public
               interest.**

10

11    In addition to weighing the costs between the parties, "courts of equity should pay

12    particular regard for the public consequences in employing the extraordinary remedy of

13    injunction." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008) (citing *Weinberger v. Romero–*

14    *Barcelo*, 456 U.S. 305 (1982); *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500 (1941)). A

15    preliminary injunction requiring that the Vote-by-Mail Program be made accessible to voters with

16    print disabilities is in the public interest. Voting is a "critical area" for people with disabilities that

17    Congress meant to protect in passing the ADA. 42 U.S.C. § 12101(a)(3). An injunction "assur[ing]

18    that people with disabilities can vote privately and independently by absentee ballot" is in the

19    public interest. *Nat'l Fed'n of the Blind v. Lamone*, 2014 WL 4388342 at *15. Casting a ballot

20    "privately and independently is one of the central features of voting which must be accorded so

21    long as the modification is not an undue burden or a fundamental alteration of the service." *Cal.*

22    *Council of the Blind*, 985 F. Supp. 2d at 1242. The public interest weighs in favor of issuing this

23    preliminary injunction.

24

25

26

---

27    [31] Elections officials are required to begin mailing ballots and other election materials to active
       registered voters no later than 29 days before Election Day. Cal. Elec. Code §§ 3000.5-3001. The

28    fax-based ballot-return procedures must be in place by that time.

1

## VI.   **CONCLUSION**

2          Under the law, Defendant must offer Plaintiffs the same options that she offers other

3 California voters: to vote privately and independently via an accessible vote-by-mail ballot return

4 system. Plaintiffs, therefore, request that this Court issue a preliminary injunction directing

5 Defendant to provide an accessible fax ballot return procedure to voters with print disabilities such

6 that they may return their vote-by-mail ballots privately and independently in the November 2024

7 General Election.

8

9 DATED: April 4, 2024                     Respectfully submitted,

10

11                                                  DISABILITY RIGHTS ADVOCATES

12                                                   */s/ Rosa Lee Bichell*
                                                     Rosa Lee Bichell (SBN 331530)
13                                                   Sean Betouliere (SBN 308645)
                                                     Shawna L. Parks (SBN 208301)
14                                                   **DISABILITY RIGHTS ADVOCATES**
                                                     2001 Center Street, Third Floor
15                                                   Berkeley, California 94704-1204
                                                     Tel: (510) 665-8644
16                                                   Fax: (510) 665-8511
                                                     Emails: rbichell@dralegal.org
17                                                           sbetouliere@dralegal.org
                                                           sparks@dralegal.org
18

19                                                  DISABILITY RIGHTS CALIFORNIA

20                                                   */s/ Frederick P. Nisen*
                                                     Frederick P. Nisen (SBN 184089)
21                                                   Karie Lew (SBN 234666)
                                                     **DISABILITY RIGHTS CALIFORNIA**
22                                                   1831 K Street
                                                     Sacramento, CA 95811-4114
23                                                   Tel: (916) 504-5800
                                                     Fax: (916) 504-5801
24                                                   Emails: fred.nisen@disabilityrightsca.org
                                                           karie.lew@disabilityrightsca.org
25
                                                     Melinda Bird (SBN 102236)
26                                                   **DISABILITY RIGHTS CALIFORNIA**
                                                     350 S Bixel Street, Suite 290
27                                                   Los Angeles, CA 90017-1418
                                                     Tel: (213) 213-8105
28                                                   Fax: (213) 213-8001

1    Email: melinda.bird@disabilityrightsca.org

2
     Andrea Rodriguez (SBN 290169)
3    Paul R. Spencer (SBN 292767)
     **DISABILITY RIGHTS CALIFORNIA**
4    530 B Street, Suite 400
     San Diego, CA 92101-4426
5    Tel: (619) 239-7861
     Fax: (619) 239-7906
6    Emails: andrea.rodriguez@disabilityrightsca.org
                  paul.spencer@disabilityrightsca.org
7
     BROWN, GOLDSTEIN & LEVY LLP
8
     _/s/ Eve Hill_____
9
     Eve Hill (SBN 202178)
10   Neel Lalchandani (SBN 310480)
     Lauren J. Kelleher (pro hac vice)
11   **BROWN, GOLDSTEIN & LEVY LLP**
12   120 East Baltimore Street, Suite 2500
     Baltimore, MD 21202-1633
13   Tel: (410) 962-1030
14   Fax: (410) 385-0869
     Emails: ehill@browngold.com
15           nkl@browngold.com
16           lkelleher@browngold.com
17
     Attorneys for Plaintiff
18

19

20

21

22

23

24

25

26

27

28