```
 1  ROB BONTA
    Attorney General of California
 2  MARK BECKINGTON
    Supervising Deputy Attorney General
 3  JANE E. REILLEY
    Deputy Attorney General
 4  NICHOLAS R. GREEN
    Deputy Attorney General
 5  State Bar No. 323959
     455 Golden Gate Avenue, Suite 11000
 6   San Francisco, CA  94102-7004
     Telephone:  (415) 510-4400
 7   Fax:  (415) 703-5480
     E-mail:  Nicholas.Green@doj.ca.gov
 8  Attorneys for Defendant
    California Secretary of State
 9  Shirley N. Weber, Ph.D.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **CALIFORNIA COUNCIL OF THE BLIND, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHIRLEY N. WEBER, PH.D.,**<br><br>Defendant. | 3:24-cv-01447-SK<br><br>**DECLARATION OF TRICIA WEBBER**<br><br>Date:         June 17, 2024<br>Time:         9:30 a.m.<br>Judge:        The Honorable Sallie Kim<br>Trial Date:   Not Set<br>Action Filed: March 8, 2024 |

I, Tricia Webber, declare as follows:

1. I am the Registrar of Voters for Santa Cruz County and have served in this role since December of 2020. Prior to assuming this role, I served as an Assistant Registrar, Vote-by-Mail Program Coordinator, and Elections Officers Program Coordinator for the Santa Cruz County Elections Department. I have been employed as a full-time employee with the Department since 2007.

2. As the chief elections officer for Santa Cruz County, I have personal knowledge of the facts contained in this Declaration. If called as a witness, I could and would competently testify to the below matters.

3. I understand that the Plaintiffs in this case have asked the Court for an order making electronic fax available for the coming November 2024 general election.

4. Santa Cruz County does not authorize military or overseas (UOCAVA) voters to return their ballots or paper cast vote records via electronic fax. The county also does not allow any voter to verify their ballot return envelope or paper cast vote record declaration page by using an electronic signature; instead, all voters must verify their identity by providing a handwritten signature, unless they have gone through the separate process of registering a mark or stamp to verify their identity. If a UOCAVA voter opts to submit their paper cast vote record via traditional facsimile, that voter's paper cast vote record must be accompanied by a declarations page that includes a handwritten (not electronic) signature.

5. Our office has several serious concerns about making electronic fax voting available, as this outcome raises the significant security and election integrity concerns inherent to transmitting voter choices over the internet, including the risk that voter choices will be intercepted and manipulated during transmission. Chief among these concerns is that taking this step could wind up making electronic fax voting available to a very large number of voters, because there is no way for the county to determine a voter's disability status before they transmit their ballot by electronic fax. Significantly, UOCAVA voters must complete a separate voter registration process to confirm that they meet the qualifications of a UOCAVA voter. As a result of this registration requirement, the UOCAVA voter population is limited, and the county can

readily determine how many UOCAVA voters it has and who those voters are. But because there is no equivalent separate registration process for voters with print disabilities, it would be difficult for the county to reliably limit the number of voters who vote using electronic fax.

6. Similarly, our office has significant concerns about allowing voters to sign their ballot return envelopes and/or paper cast vote record declaration pages with an electronic signature, rather than a handwritten signature or a registered signature stamp. Specifically, we have serious concerns that allowing electronic signatures could result in voter fraud because our office currently has no means of determining whether the electronic signature was affixed by the person who is authorized to cast that ballot, rather than someone who was able to access the electronic signature without authorization.

7. Just as Santa Cruz County does not allow voters to verify their identities by using an electronic signature, the county does not use any type of digital signature cure technology. Instead, a voter who needs to cure their signature must sign a signature cure form by hand and submit that hand-signed cure form to our office.

8. Santa Cruz County provides registration or voting assistance to any voter who requests it. Assistance could include, but is not limited to, helping a voter fill out a registration card, assisting a voter with marking a ballot, witnessing a voter's signature on a return envelope, dropping off election materials including a ballot, retrieving a voted ballot to be returned to the Department, and providing rides to voters who wish to access a voting location.

9. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on May 28. 2024, at Santa Cruz, California.

*Tricia Webber*

_____
Tricia Webber

**Local Rule 5-1(i) Attestation**

I, Nicholas R. Green, the attorney whose ECF credentials are used in connection with this filing, attest that each of the other Signatories have concurred in the filing of the document.

*/s/ Nicholas R. Green*