UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COUNCIL OF THE BLIND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHIRLEY N. WEBER,<br><br>Defendant. | Case No. 24-cv-01447-SK<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Regarding Docket No. 72, 74 |

This matter comes before the Court upon consideration of the motion to dismiss for lack of subject matter jurisdiction filed by Defendant California Secretary of State Shirley N. Weber ("Secretary" or "Defendant"). Having carefully considered the parties' papers, relevant legal authority, the record in the case, and having had the benefit of oral argument, the Court hereby DENIES the Secretary's motion for the reasons set forth below.

The Court DENIES Plaintiffs' request for judicial notice because the Court did not need to consider these documents to address the motion to dismiss. (Dkt. No. 74.)

**BACKGROUND**

Plaintiffs Christopher Gray, Vita Zavoli, Russell Rawlings, California Council of the Blind, and National Federation of the Blind of California (collectively, "Plaintiffs") are individuals with "print disabilities" and an organization that represents individuals with print disabilities. Print disabilities are "disabilities that prevent a voter from reading, marking, holding, handling, and/or manipulating a paper ballot privately and independently. (Dkt. No. 71 (First Amended Compl. ("FAC"), ¶ 2.) Currently, in California, all registered voters may vote by mail. *See* Cal. Elec. Code § 3003 ("The vote by mail ballot shall be available to any registered voter.") Individuals with print disabilities may receive, review, and mark their vote-by-mail ballots electronically on their own devices, such as a personal computer, using a remote accessible vote-

1 by-mail ("RAVBM") system that has been certified or conditionally approved by the Secretary.
2 (*Id*. at ¶ 7.)  However, they are not currently authorized to sign and return those ballots
3 electronically.  (*Id*.)

4     The Court previously denied Plaintiff's motion for preliminary injunction.  In their motion,
5 Plaintiffs sought temporary relief to enable them to return their ballots remotely through electronic
6 facsimiles in the upcoming November 2024 election by using a method currently available only to
7 certain military and overseas voters.  Qualified military or overseas voters are authorized to return
8 their ballots by facsimile transmission under California Elections Code section 3106(a) and
9 Plaintiffs sought a preliminary injunction requiring the Secretary to allow them to also be able to
10 return their ballots by electronic facsimile.[1]  The Court denied the motion for preliminary
11 injunction on the grounds that the Secretary lacks the authority to require California counties to
12 accept ballots returned by electronic facsimile, that Plaintiffs failed to show a likelihood of success
13 on the merits with respect to whether their requested relief was a reasonable accommodation or
14 would fundamentally alter the nature of the voting program under the Americans with Disabilities
15 Act ("ADA"), and that the balance of equities and public interest did not support issuing a
16 preliminary injunction with respect to the upcoming election.  (Dkt. No. 60.)

17     In their FAC, Plaintiffs seek broader relief with respect to their ability to return their
18 ballots but no longer seek to implement any changes with respect to an upcoming election.
19 Additionally, while Plaintiffs still seek the ability to return their ballots electronically, they no
20 longer seek to be included in the system specifically established for certain military and overseas
21 voters under California Elections Code section 3106(a).  Instead, Plaintiffs now seek to require the
22 Secretary to make the Vote-by-Mail Program accessible to voters with print disabilities.  The
23 Secretary now moves to dismiss on the grounds that Plaintiffs lack standing.

24     In the Order denying the motion for preliminary injunction filed by Plaintiffs, the Court
25 described the current remote voting systems in California, the provisions of California law
26 relevant to voting remotely, the Secretary's role and authority with respect to elections.  There is

---

[1] Plaintiffs argued, and the Secretary disputed, that the statute allowed for *electronic* facsimile returns.

2

no need to repeat that summary here, except as where necessary as part of the analysis below.

## ANALYSIS

### A. Legal Standards on Motion to Dismiss.

When a defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). A Rule 12(b)(1) motion can be either "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors v. City of Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996).

### B. The Secretary's Motion to Dismiss.

Standing under Article III requires a plaintiff to have an injury in fact that is (1) concrete and particularized, (2) traceable to the defendant, and (3) redressable by judicial order. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992); *see also M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018) ("[E]even where a plaintiff requests relief that would redress her claimed injury, there is no redressability if a federal court lacks the power to issue such relief."); *Nat'l. Fed. of the Blind of Ala. v. Allen*, 661 F. Supp. 3d 1114, 1122-23 (N.D. Ala. 2023) (finding no standing where Secretary's statutorily defined authority did not include providing the relief sought). The Secretary argues that the relief Plaintiffs seek would not redress their injury.

The Secretary argues Plaintiffs lack standing because California law prohibits the relief Plaintiffs seek – to return their ballots electronically – and that any injunctive relief issued by the Court to Plaintiffs would not be enforceable against California's counties who are absent from this litigation. According to the Secretary, due to the prohibition against using the internet to vote and the counties' role in administering elections, the Secretary argues that she does not have the authority to provide Plaintiffs with their requested relief or to implement the relief if granted by the Court.

3

  Because the Secretary relies, in part, on this Court's order denying Plaintiffs' motion for a preliminary injunction, the Court finds that it would be beneficial to discuss that Order and how the motions to dismiss and for a preliminary injunction differ.

### 1. The Court's Order on the Motion for a Preliminary Injunction.

  The Court determined that the Secretary lacked authority to remedy Plaintiff's injury in the Order denying the motion for preliminary injunction. However, both the relief Plaintiffs sought in that motion and the procedural posture of their preliminary injunction motion differ in significant respects from consideration of Plaintiffs' allegations on a motion to dismiss. In their motion for a preliminary injunction, Plaintiffs sought to be allowed to participate in the system they argued that certain military and overseas voters used to return their ballots – electronic facsimiles. However, it was not clear that military and overseas voters were actually authorized under the election codes to return their ballots electronically, as opposed through only traditional facsimiles. Moreover, the statutory provision that authorizes qualified miliary and overseas voters to return their ballots through facsimile is a separate statute that applies uniquely to qualified military and overseas voters. It was not clear that the Secretary had the authority to simply extend that authorization to domestic civilian voters with print disabilities. In contrast, in their FAC and in opposition to the motion to dismiss, Plaintiffs argue that the Secretary has the authority to issue guidance and regulations on the state's voting systems, including the RAVBM, to include an electronic return method for voters with print disabilities.

  Additionally, on the motion for a preliminary injunction the Court was required to consider the merits of Plaintiffs' claims. Plaintiffs argued that the ADA preempts the California Elections Code provisions that prohibit electronic ballot returns because those California provisions infringe upon a voter's ability to vote privately and independently. The Secretary responded that requiring her to authorize electronic ballot returns would constitute a fundamental alteration of California's voting system as opposed to a reasonable accommodation under the ADA – an affirmative defense under the ADA on which the Secretary bears the burden of proof. Both of these arguments relate to the merits of Plaintiffs' claims. However, on a motion to dismiss, the Court may not consider the likelihood of success on the merits. Instead, the Court will assume, for purposes of the motion

to dismiss, that Plaintiffs' factual allegations are correct and that the factual allegations support the proposition that the ADA preempts any provisions that prohibit electronic ballot returns. If true and if the Court declares that those provisions are invalid, then California law would no longer prohibit Plaintiffs' requested relief. Finally, on the motion for preliminary injunction, the Court was concerned with additional issues regarding the merits of Plaintiffs' claims, including concerns about the security relating to voting electronically and the very short time before the upcoming election in November 2024. Again, these are not matters that the Court may consider on the Secretary's motion to dismiss. Thus, Court's denial of the requested injunction on the motion for a preliminary injunction does not dictate the outcome of this pending motion.

### 2.     The Secretary's Authority.

The Secretary argues that any order issued by the Court would not be enforceable against the counties and, thus, that any order on Plaintiffs' claims would not redress their injuries. The Secretary highlights the role that California's counties play in administering elections: bearing responsible for processing voter registrations, maintaining a roster of registered voters, dividing jurisdictions into precincts, designating polling places, mailing, receiving, and counting ballots, verifying signatures on mail ballots, and reporting final results to the Secretary. (Dkt. No. 72. at p. 4 (citing Cal. Elections Code §§ 2102(a), 2183, 3000.5, 3017, 3019, 5150, 12220, 12280, and 15375).)

However, the Secretary concedes that she is responsible for administering the provisions of the Elections Code and enforcing California's election laws and that she has the authority to adopt regulations to ensure the uniform application and administration of state election laws. (Dkt. No. 72 at pp. 2-4 (citing Cal. Gov't Code § 12172.5).) Additionally, the Secretary may issue guidance documents to assist the counties in carrying out their duties under the Elections Code. (*Id*.) Moreover, if counties violate California's Elections Code, the Secretary is required to call the violation to the attention of the district attorney of the county or to the California Attorney General. (*Id*. at p. 5 (citing Cal. Gov't Code §§ 12172.5).) Lastly, the Secretary has the authority to certify voting systems and RAVBM systems. (*Id*. (citing Cal. Elec. Code §§ 19202(a), 19281(a)).)

  The Secretary does not dispute that she has this significant authority with respect to election laws.  Instead, she makes two arguments.  The first is that the Secretary does not have the authority to issue regulations and guidance that is contrary to state law and that California law does not permit electronic ballot returns.  However, as discussed above, Plaintiffs allege that the ADA preempts the prohibition on electronic returns.  If the Court were to issue a declaration in favor of Plaintiffs on this legal issue, then California law would not prohibit Plaintiffs' requested relief or the Secretary's related authority to issue such relief.

  Second, relatedly, the Secretary argues that she could not require county election officials, who are not before the Court, to comply with guidance documents that are contrary to California statutory law.  However, again, the Court assumes for purposes of this motion to dismiss that Plaintiffs are correct and that the ADA preempts California law prohibiting electronic ballot returns.  The Secretary cites to *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), for the proposition that "[t]here is no standing if, following a favorable decision, whether the injury would be redressed would still depend on 'the unfettered choices made by independent actors not before the courts.'"  (Dkt. No. 76 at p.7.)  However, again, if California law, as preempted by the ADA, does not prohibit electronic ballot returns, then the Secretary would have the authority to issue guidance and regulations that the counties would not have unfettered discretion to disregard.

  Moreover, as Plaintiffs explained at the hearing, the Secretary is responsible for enforcing California's election law.  If a county official ultimately ignored or violated valid guidelines and regulations issued by the Secretary, the Secretary has recourse.  The Secretary could refer the county official to the district attorney of the county or to the California Attorney General for the violation or she could discharge the county official who refuses to comply.

  Finally, the Secretary relies on *National Federation of the Blind of Alabama v. Allen*, 661 F. Supp. 3d 1114, 1123 (M.D. Ala. 2023) to argue that Plaintiffs lack standing.  However, the facts in *Allen* are materially different than those here.  Significantly, in *Allen,* the state did not allow for all residents to vote remotely.  Instead, absentee ballots were only provided to those who fell within certain categories and applied for an absentee ballot.  *Allen*, 661 F. Supp. 3d at 1117.  Moreover, voters with print disabilities in Alabama could only vote with electronic machines or

6

1   other auxiliary aids when they voted in person. There was no process for voters to use electronic
2   machines or other auxiliary aids remotely. *Id*. The court noted that that the state legislature, not
3   the Alabama Secretary of State, passed the laws that required domestic absentee voters to submit
4   paper ballots and envelopes and provided the electronic voting option only for certain overseas
5   voters pursuant to a Congressional mandate. *Id*. at 1121. Thus, the court found that the plaintiffs'
6   "inability to cast electronic absentee ballots trace[d] to the Alabama Legislature, not the Secretary
7   of State." *Id*.

8   Additionally, the Alabama's Secretary of State's powers appear to differ significantly from
9   the Secretary's under California law. The court in *Allen* did not address whether the Alabama
10  Secretary of State had any authority to issue guidance to the counties or play any roll in enforcing
11  the state's election laws. Moreover, with respect to issuing regulations, the court noted how
12  limited the Alabama Secretary of State's power was. After a legislative committee determined
13  that overseas voting electronically was secure, the Alabama Secretary of State could only
14  promulgate the rules already proposed by that legislative committee to ensure that such voting was
15  secure. *Id*. at 1118, 1121-22 ("The Secretary can only act within the scope of his statutorily
16  defined rulemaking authority. And the Legislature has not given the Secretary the authority to
17  create rules – much less provide actual electronic ballots – to Plaintiffs."). Furthermore, the court
18  in *Allen* noted the significant role that the counties played in elections. The court observed that the
19  Alabama legislature "kept responsibility for handling applications, ballots, and voter qualification
20  in the [county absentee election managers] hands", including verifying the identity of a voter,
21  ensuring the security of the transmission, and accepting and recording the ballots. *Id.* at 1119.
22  Lastly, and significantly, the court in *Allen* did not address the ADA, including what the impact
23  would be if the court had determined that the state election laws prohibiting electronic voting by
24  persons with print disabilities violated the ADA. Therefore, the Court finds that *Allen* does not
25  assist the Secretary to show that Plaintiffs here lack standing.

26  Thus, while the Court may ultimately determine that California law prohibits the relief
27  Plaintiffs seek or that, upon a further developed record, the Secretary cannot issue guidance or
28  regulations to require that Plaintiffs be allowed to return their ballots electronically, at this

7

procedural stage the Court finds that Plaintiffs have alleged sufficient facts to show that they have standing.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Secretary's motion to dismiss.

**IT IS SO ORDERED**.

Dated: December 2, 2024



SALLIE KIM
United States Magistrate Judge