1   ROB BONTA
    Attorney General of California
2   MARK R. BECKINGTON
    Supervising Deputy Attorney General
3   JANE E. REILLEY
    MARIA F. BUXTON
4   NICHOLAS R. GREEN
    Deputy Attorneys General
5   State Bar No. 323959
      455 Golden Gate Avenue, Suite 11000
6     San Francisco, CA  94102–7004
      Telephone:  (415) 510–4400
7     Fax:  (415) 703–5480
      E-mail:  Nicholas.Green@doj.ca.gov
8   *Attorneys for Defendant*
    *California Secretary of State*
9   *Shirley N. Weber, Ph.D.*

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  | | |
    |---|---|
15  **CALIFORNIA COUNCIL OF THE BLIND, ET AL.,** | Case No.: 3:24-cv-01447-SK
16                                    Plaintiffs, |
17            v.                                  | **DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**
18  **SHIRLEY N. WEBER, PH.D.,**                  | Judge:        Hon. Sallie Kim
19                                    Defendant.  | Trial Date:   March 17, 2026
20                                                | Action Filed: March 8, 2024

21

22  / / /

23  / / /

24  / / /

25

26

27

28

# ANSWER[1]

Pursuant to Federal Rules of Civil Procedure 7, 8, and 12, Defendant California Secretary of State Shirley N. Weber, Ph.D. (the "Secretary"), in her official capacity, answers Plaintiffs' First Amended Complaint ("FAC") (ECF No. 71) as follows:

1.      The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 1 of the FAC, and on that basis denies them.

2.      To the extent the allegations in Paragraph 2 set forth a legal conclusion, no response is necessary. The Secretary is otherwise without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 2 of the FAC, and on that basis denies them.

3.      The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 3 of the FAC, and on that basis denies them.

4.      The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 4 of the FAC, and on that basis denies them.

5.      The Secretary admits that large numbers of California voters have cast their ballots by mail in recent elections. The remainder of Paragraph 5 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the Secretary admits that the California Elections Code requires elections officials to mail all active, registered voters a ballot for each election, with certain limited exceptions. Unless expressly admitted, the Secretary otherwise denies the allegations in Paragraph 5 of the FAC.

6.      To the extent Paragraph 6 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed necessary, the Secretary denies the allegations in Paragraph 6 of the FAC.

7.      To the extent Paragraph 7 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed necessary, the Secretary admits that the California Elections Code permits all eligible voters to receive a blank ballot using a Remote Accessible Vote-by-Mail System ("RAVBM") and to mark that ballot on their own personal device. The

---

[1] Plaintiffs' headings in the FAC consist of legal conclusions and non-substantive organizational information, and are omitted. To the extent a response is deemed required to the headings in the FAC, any substantive allegations therein are denied.

Secretary further admits that all such systems must be certified or conditionally certified by the Secretary before they may be used in any California election. The Secretary further admits that the Elections Code does not permit any voter to return a ballot marked using a RAVBM system electronically. The Secretary further admits that the Elections Code requires voters who use RAVBM systems to print their ballots. The Secretary denies that all California voters with "print disabilities," as defined by Plaintiffs in the FAC, must place their RAVBM printouts in a government-issued paper ballot return envelope, sign and seal the envelope, and then arrange for the return of the paper ballot through one of three non-electronic means.

8. Paragraph 8 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 8 is deemed required, the Secretary denies the allegations in Paragraph 8 of the FAC.

9. The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 9 of the FAC, and on that basis denies them.

10. Paragraph 10 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 10 is deemed required, the Secretary denies the allegations in Paragraph 10 of the FAC.

11. The Secretary admits that she is the California Secretary of State. To the extent the remainder of Paragraph 11 sets forth a legal conclusion, no response is required. To the extent a response is deemed required, the Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 11 of the FAC that a readily available electronic ballot return (or e-return) option would remedy the problem, as it would allow voters with print disabilities, as defined in the FAC, to use their own devices, not only to read and mark their ballots but also to submit them, and on that basis denies them.

12. The Secretary admits that some other states permit various forms of electronic ballot return. The Secretary further admits that, as of December 2024, there are at least 116,000 California voters in active and inactive status who are registered as military and overseas voters. The Secretary admits that one voter submitted a declaration in connection with Plaintiffs' motion for a preliminary injunction averring that he submitted a mail ballot by electronic fax. The

2

Secretary is otherwise without sufficient information to form a belief as to Plaintiffs' allegations in Paragraph 12 of the FAC that, in practice, military and overseas voters not only can submit their ballot selections by electronic fax (instead of through a fax machine) but already have been doing so, and on that basis denies them.

13.    Paragraph 13 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 13 is deemed required, the Secretary admits that Plaintiffs' FAC asserts that the California Elections Code conflicts with Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (hereinafter "Title II"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. (hereinafter "Section 504"), and California Government Code section 11135(a).

14.    Paragraph 14 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 14 is deemed required, the Secretary admits that the Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Secretary denies that Plaintiffs have constitutional standing to pursue their claims.

15.    Paragraph 15 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 15 is deemed required, the Secretary admits that Plaintiffs' federal claims provide this Court with supplemental jurisdiction over Plaintiffs' state-law claim pursuant to 28 U.S.C. § 1367(a).

16.    Paragraph 16 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 16 is deemed required, the Secretary admits that the Court has authority to issue a declaratory judgment under 28 U.S.C. §§ 2201, 2202, and authority to issue injunctive relief under 42 U.S.C. § 12133.

17.    Paragraph 17 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 17 is deemed required, the Secretary admits that venue is proper in this District. The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' remaining allegations in Paragraph 17 of the FAC, and on that basis denies them.

3

18.     Paragraph 18 of the FAC sets forth a legal conclusion to which no response is required. To the extent a response to Paragraph 18 is deemed required, the Secretary admits that this case should be assigned to the San Francisco or Oakland Divisions of this Court. The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' remaining allegations in Paragraph 18 of the FAC, and on that basis denies them.

19.     The Secretary admits that there is a registered voter in San Francisco County named Christopher Gray. The Secretary is otherwise without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 19 of the FAC, and on that basis denies them.

20.     The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 20 of the FAC, and on that basis denies them.

21.     The Secretary admits that there is a registered voter in Alameda County named Vita Zavoli. The Secretary is otherwise without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 21 of the FAC, and on that basis denies them.

22.     The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 22 of the FAC, and on that basis denies them.

23.     The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 23 of the FAC, and on that basis denies them.

24.     The Secretary admits the allegations in Paragraph 24 of the FAC.

25.     To the extent Paragraph 25 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the statutory provisions cited in Paragraph 25. The Secretary further admits that some of her powers and duties are set forth in the California Elections and Government Codes.

26.     To the extent Paragraph 26 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the statutory provision cited in Paragraph 26.

27.     To the extent Paragraph 27 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the statutory provision cited in Paragraph 27.

28.     To the extent Paragraph 28 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the statutory provisions cited in Paragraph 28.

29.     To the extent Paragraph 29 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the statutory provision cited in Paragraph 29.

30.     To the extent Paragraph 30 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that the Secretary of State's office issues guidance to county elections officials, including through County Clerk/Registrar of Voter Memoranda ("CCROVs"), through the Secretary's webpage, and through meetings with county elections officials. The Secretary further admits that the webpage cited in Footnote 1 of the FAC is a document entitled "Voter's Choice Act Frequently Asked Questions" and that the document speaks for itself.

31.     The Secretary admits that the quoted language in Paragraph 31 of the FAC appears on the cited webpage. The Secretary further admits that CCROVs cover a wide variety of subjects, including voter registration, vote-by-mail procedures, in-person voting, and voting technology, such as RAVBM systems. The Secretary further admits that she issued CCROV Memoranda #24166, #14120, #20120, and #20217, and that the memoranda speak for themselves. The Secretary further admits that the webpage cited in Footnote 2 of the FAC is a copy of CCROV #24166 and that the CCROV speaks for itself. The Secretary further admits that the webpage cited in Footnote 3 of the FAC is a copy of CCROV #14120 and that the CCROV speaks for itself. The Secretary further admits that the webpage cited in Footnote 4 of the FAC is a copy of CCROV #20120 and that the CCROV speaks for itself. The Secretary further admits that the webpage cited in Footnote 5 of the FAC is a copy of CCROV #20217 and that the CCROV speaks for itself.

32.    To the extent Paragraph 32 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that she would play a central role in communicating the substance of a Court order that found federal and state antidiscrimination laws require California voters with print disabilities to be offered an option to return their vote-by-mail ballots electronically to county elections officials and providing guidance to county election officials. The Secretary denies that she has the authority to "certify" an RAVBM system that includes any method of electronic ballot return. The Secretary further denies that she has the authority to issue regulations that are contrary to express statutory commands.

33.    To the extent Paragraph 33 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the statutory provisions cited in Paragraph 33.

34.    To the extent Paragraph 34 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that California counties may only use RAVBM systems that the Secretary has certified or conditionally approved.

35.    To the extent Paragraph 35 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that California law defines an RAVBM system as "a mechanical, electromechanical, or electronic system and its software that is used for the sole purpose of marking an electronic vote-by-mail ballot for a voter who shall print the paper cast vote record to be submitted to the elections official." Cal. Elec. Code § 303.3. The Secretary further admits that the California Elections Code prohibits RAVBM systems from transmitting a voter's ballot selections over the Internet.

36.    To the extent Paragraph 36 of the FAC sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary admits that she has not certified any RAVBM system that provides for an online portal for electronic ballot return, in accordance with California law. The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 36 of the FAC that an online portal is one of

6

the methods of ballot return that would give them full and equal access to California's Vote-by-Mail Program and on that basis denies them. The Secretary denies the allegations in Footnote 6 of the FAC. The Secretary further denies Plaintiffs' allegation in Paragraph 36 that there is any discriminatory denial of access to the vote-by-mail program, or that such denial—if it existed—would be directly traceable to the Secretary.

37.    Paragraph 37 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 37 of the FAC.

38.    Paragraph 38 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits the allegations in Paragraph 38 of the FAC.

39.    Paragraph 39 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits the State has received at least $1 million in federal funding through the Help America Vote Act and other federal programs to support election administration.

40.    Paragraph 40 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that she plays a role in administering the State's election system and that the State funds election related activities.

41.    Paragraph 41 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the Secretary admits that the California Elections Code provides that "[t]he vote-by-mail ballot shall be available to any registered voter." Cal. Elec. Code § 3003.

42.    To the extent Paragraph 42 sets forth legal conclusions, no responses are required. To the extent responses are deemed required, the Secretary admits that: (1) state law requires mail ballots to be automatically sent to voters in active, registered status on the 29th day before the day of the election; (2) that physical mail ballots are printed on paper; (3) that mail ballots may be returned by U.S. mail, in person to an elections official, or at a designated ballot drop-off location; (4) that, other than traditional facsimile transmission for military and overseas voters, no

7

electronic form of ballot return is authorized; (5) that any California voter may receive, read, and mark their ballot electronically on their own device, such as a personal computer, using their county's RAVBM system; (6) that RAVBM systems are compatible with assistive technology, allowing voters with disabilities to use, for example, a screen reader or a sip-and-puff device to read and/or mark their ballot; (7) that unless voters qualify as a military or overseas voter under state law, RAVBM voters must print their ballot selection on paper for submission to their elections official; (8) that RAVBM systems must be certified or conditionally approved by the Secretary before they may be used in California; (9) that certain military and overseas voters are permitted to return ballots by facsimile transmission; (10) that every California county elections office provides a fax number for this purpose; (11) that the Secretary maintains an online list of county fax numbers for military and overseas ballot return; and (12) that the Secretary has certain enforcement and regulatory authority with respect to military and overseas voters. The Secretary denies that: (1) mail, in person delivery, and ballot drop off locations are the only methods of vote-by-mail ballot return, as voters may also use a bona fide private mail delivery company or entrust their ballots to a third party for delivery to a county elections official; (2) that voters must use a government-issued paper ballot return envelope to return an RAVBM ballot; and (3) that voters must return RAVBM ballots only by mail, in person, or at ballot drop-off locations, as voters may also use a bona fide private mail delivery company or entrust their ballots to a third party for delivery to a county elections official. Unless expressly admitted, the Secretary otherwise denies the allegations in Paragraph 42 of the FAC.

43.    Paragraph 43 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 43 of the FAC.

44.    To the extent Paragraph 44 sets forth legal conclusions, no responses are required. To the extent a response is deemed required, the Secretary admits that at least one California voter claims to have submitted a ballot by electronic fax and that at least one California county claims to have electronic fax capabilities. The Secretary lacks sufficient information to form a belief as to the truth of Plaintiffs' allegation that electronic fax involves transmitting an electronic

8

version of the marked ballot to an e-fax service, which faxes the materials to the voter's county elections official, and on that basis denies it. The Secretary denies Plaintiffs' allegation that neither the California Elections Code nor the Secretary prohibit the use of electronic fax to return ballots. The Secretary lacks sufficient information to form a belief as to the truth of Plaintiffs' allegation that electronic fax has arguably become more common as fewer people have access to fax machines and technology continues to shift toward e-faxing, and on that basis denies it.

45.     The Secretary lacks sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 45 of the FAC, and on that basis denies them.

46.     The Secretary lacks sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 46 of the FAC, and on that basis denies them.

47.     The Secretary denies that she allows qualified military and overseas voters to return their ballots by fax despite any security risks that may exist in connection with that method of ballot return.

48.     The Secretary admits that the Federal Voting Assistance Program transmits ballots by fax to California county election officials. The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegation that the Federal Voting Assistance Program accepts emailed ballots from military or overseas voters, and on that basis denies it.

49.     The Secretary admits the allegations in Paragraph 49 of the FAC.

50.     The Secretary admits the allegations in Paragraph 50 of the FAC.

51.     The Secretary denies that, when RAVBM was first introduced in California, voters were required to attest under oath that they belonged to a qualified group. The Secretary otherwise admits the allegations in Paragraph 51 of the FAC.

52.     The Secretary denies that she has the authority to authorize any form of ballot return not permitted under the California Elections Code.

53.     The Secretary admits that California law has required every county to offer RAVBM systems to at least certain voters since 2020. The Secretary further admits that the RAVBM systems currently certified or conditionally approved for use in California require voters to print their ballot selections on paper, put the printout in a paper ballot return envelope, seal the

9

envelope, sign the envelope, and return the envelope to the county elections office. To the extent that Plaintiffs allege that voters using RAVBM systems may <u>only</u> return the envelope to the county elections office by mail, by depositing it in a ballot drop box, or by dropping it off in person at the elections office or a voting location, the Secretary denies this allegation because voters may use a bona fide private mail delivery company or entrust their ballot to a third person for delivery to county elections officials. The Secretary admits Plaintiffs' allegations in Footnote 8 that California Assembly Bill 626 was chaptered on October 10, 2023 and became effective on January 1, 2024. The Secretary further admits that California Elections Code section 3016.5 permits vote-by-mail voters to vote their vote-by-mail ballot, without the identification envelope, in person at the polling place designated for the voter's home precinct or at a vote center established pursuant to section 4005, subject to certain conditions. The Secretary lacks sufficient information to form a belief as to Plaintiffs' allegation in Footnote 8 that, while some voters with print disabilities may choose to submit their RAVBM printouts in person, without a ballot return envelope, pursuant to this new law, such an option does not obviate the accessibility barriers to voting by mail, and on that basis denies it.

54.     The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations that voters with print disabilities are unable to vote privately and independently using an RAVBM system because they require sighted and/or other physical assistance to perform one or more of the required paper-based steps, such as printing their selections, verifying that the ballot selections printed correctly, putting the printout in the ballot return envelope, and/or sealing, signing, and returning the envelope, and on that basis denies them. To the extent the remaining allegations in Paragraph 54 of the FAC set forth a legal conclusion, no response is necessary. To the extent a response is deemed necessary, the Secretary denies the remaining allegations in Paragraph 54 of the FAC.

55.     The Secretary admits that the RAVBM systems certified or conditionally approved for use in California have made receiving, reading, and marking ballots more accessible to some voters with disabilities, including those who can use their own assistive technology—such as a screen reader or a sip-and-puff device. The Secretary is without sufficient information to form a

belief as to the truth of Plaintiffs' allegations that the return process remains inaccessible to voters with print disabilities who are unable to print, read, and/or handle the RAVBM printout and a paper ballot return envelope without assistance from another person, and on that basis denies them. Footnote 9 of the FAC does not contain substantive allegations and no response is necessary. To the extent a response is deemed necessary, the Secretary admits Plaintiffs' allegations in Footnote 8 that California Assembly Bill 626 was chaptered on October 10, 2023 and became effective on January 1, 2024. The Secretary further admits that California Elections Code section 3016.5 permits vote-by-mail voters to vote their vote-by-mail ballot, without the identification envelope, in person at the polling place designated for the voter's home precinct or at a vote center established pursuant to section 4005, subject to certain conditions. The Secretary lack sufficient information to form a belief as to Plaintiffs' allegation in Footnote 8 that, while some voters with print disabilities may choose to submit their RAVBM printouts in person, without a ballot return envelope, pursuant to this new law, such an option does not obviate the accessibility barriers to voting by mail, and on that basis denies it.

56.     Paragraph 56 of the FAC sets forth a legal conclusion to which no response is necessary. The authority cited in Paragraph 56 speaks for itself. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 56 of the FAC.

57.     Paragraph 57 of the FAC sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that Plaintiffs purport to bring claims for violations of title II of the Americans with Disabilities Act ("Title II" or "ADA," as applicable), 42 U.S.C. § 12131 et seq.; Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 et seq.; and section 11135(a) of the California Government Code, but denies that the FAC states any claim for relief under any of those provisions.

58.     Paragraph 58 of the FAC sets forth a legal conclusion to which no response is necessary.

59.     To the extent Paragraph 59 of the FAC sets forth legal conclusions, no response is necessary. To the extent a response is deemed required, the Secretary denies that there are

11

1   unlawful, discriminatory burdens placed on voters with print disabilities by the vote-by-mail

2   program. The Secretary denies Plaintiffs' allegation that an e-return option would not place an

3   additional burden on election officials. The Secretary is without sufficient information to form a

4   belief as to the truth of Plaintiffs' allegations that the addition of an electronic ballot return (or e-

5   return) option—which does not require the reading or handling of paper—would allow voters

6   with print disabilities to use their own personal devices, including their own assistive technology,

7   not only to receive, read, and mark their vote-by-mail ballots as they can do with existing

8   RAVBM systems certified or conditionally approved for use in California, but also to review their

9   ballot selections for completeness and accuracy and to transmit their ballots with the full

10  independence and privacy that is afforded to Californians without print disabilities who

11  participate in the Vote-by-Mail Program, and on that basis denies them.

12      60.    Paragraph 60 of the FAC sets forth a legal conclusion to which no response is

13  necessary. To the extent a response is deemed required, the Secretary denies that there is any

14  discriminatory exclusion of voters with print disabilities. The Secretary is without sufficient

15  information to form a belief as to the truth of Plaintiffs' remaining allegations in Paragraph 60,

16  and on that basis denies them.

17      61.    The Secretary denies that, as a matter of law, she may institute an email return

18  option for mail ballots, or that she may promulgate regulations for how county elections officials

19  receive and process ballot selections via email. The Secretary admits that, under California law,

20  an email return system is definitionally not an RAVBM system, and she accordingly lacks

21  authority to certify or provide conditional approval for such a system.

22      62.    The Secretary denies that, as a matter of law, she may expand the use of facsimile

23  ballot return to voters with print disabilities, or that she may promulgate regulations for how

24  county elections officials receive and process ballots via fax. The Secretary admits that military

25  and overseas voters are permitted to return their ballots by facsimile transmission, but denies that

26  military and overseas voters may return their ballots by e-fax. The Secretary is without sufficient

27  information to form a belief as to the truth of Plaintiffs' allegations that ballots returned via e-fax

28  can be received by any fax machine or that implementing an e-fax return option would not require

1   additional infrastructure, and on that basis denies them. The Secretary admits that an e-fax ballot

2   return system is definitionally not an RAVBM system, and she accordingly lacks authority to

3   certify or provide conditional approval for such a system. The Secretary admits that every county

4   in California has a fax number capable of receiving faxed ballots.

5          63.     The Secretary denies that, as a matter of law, she may institute an online portal for

6   electronic ballot return that is integrated into a RAVBM system, or that she has the lawful

7   authority to certify or conditionally approve such a system. The Secretary is without sufficient

8   information to form a belief as to the truth of Plaintiffs' allegation that at least four states use

9   Democracy Live's OmniBallot software, and on that basis denies it. The Secretary denies that she

10  has the lawful authority to promulgate regulations regarding the use of an RAVBM system with

11  an online portal for electronic ballot return.

12         64.     The Secretary admits that more than half of California counties currently use a

13  certified RAVBM system built by Democracy Live that does not include an e-return option. The

14  Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegation

15  that, according to the vendor, it would be easy to add an e-return option to the version of its

16  RAVBM system that already is used in California, and on that basis denies it. The Secretary

17  denies that she has the authority to approve an RAVBM system with an e-return option.

18         65.     The Secretary admits that she can provide guidance to county election officials and

19  issue regulations, but denies that she may alter or amend the scope of express statutory

20  provisions, including in the manner alleged in Paragraphs 62–64 of the FAC.

21         66.     The Secretary admits that she previously required voters with disabilities to certify

22  the existence of their disabilities before using an RAVBM system, but denies that she has the

23  authority to expand ballot return methods beyond that currently authorized under state law.

24         67.     The Secretary denies that, as a matter of law, she may authorize voters to sign

25  ballot return envelopes in anything other than their own handwriting. The Secretary admits that

26  military and overseas voters transmit their signature by facsimile transmission when using that

27  method of ballot return. The Secretary further admits that some counties use an online application

28  to allow voters to cure missing or non-matching signatures from ballot return envelopes.

68.    The Secretary lacks sufficient information to form a belief as to the truth of Plaintiffs' allegation that Disability Rights California ("DRC") notified the Secretary and her staff about the barriers posed by the lack of an e-return option in May 2021, and on that basis denies it. The Secretary admits that DRC has urged the Secretary to certify a system that includes electronic return for voters with print disabilities, despite the fact that such a return method is not authorized under California law. The Secretary denies that the current vote-by-mail program violates Title II, Section 504, or California state law.

69.    The Secretary admits the allegations in Paragraph 69 of the FAC.

70.    The Secretary denies the allegations in Paragraph 70 of the FAC.

71.    The Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 71 of the FAC, and on that basis denies them.

72.    The Secretary lacks sufficient information to form a belief as to Plaintiffs' allegation that Russell Rawlings voted in 2020 in Sacramento County. The Secretary is otherwise without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 72 of the FAC, and on that basis denies them.

73.    The Secretary admits that a voter named Vita Zavoli voted in November 2022 in Alameda County. The Secretary is otherwise without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 73 of the FAC, and on that basis denies them.

74.    To the extent Paragraph 74 sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 74 of the FAC, and on that basis denies them.

75.    To the extent Paragraph 75 sets forth a legal conclusion, no response is necessary. To the extent a response is deemed required, the Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 74 of the FAC, and on that basis denies them.

76.    The Secretary incorporates by reference each and every response to Paragraphs 1–75 as if specifically asserted herein.

77.     Paragraph 77 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the cited statute, and that the statute speaks for itself.

78.     Paragraph 78 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the cited regulations, and that the regulations speak for themselves.

79.     Paragraph 79 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the cited regulations, and that the regulations speak for themselves.

80.     Paragraph 80 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the cited regulations, and that the regulations speak for themselves.

81.     Paragraph 81 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that federal law may, in certain circumstances, preempt state law.

82.     Paragraph 82 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits the allegations of Paragraph 82.

83.     Paragraph 83 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary lacks sufficient information to form a belief as to the truth of Plaintiffs' allegations that they are qualified individuals with disabilities within the meaning of Title II. The Secretary otherwise denies the allegations in Paragraph 83 of the FAC.

84.     Paragraph 84 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary lacks sufficient information to form a belief as to the truth of Plaintiffs' allegations that CCB and NFBCA have members who are qualified California voters with disabilities within the meaning of Title II. The Secretary otherwise denies the allegations in Paragraph 84 of the FAC.

1    85.    Paragraph 85 sets forth a legal conclusion to which no response is necessary. To
2    the extent a response is deemed required, the Secretary denies the allegations in Paragraph 85 of
3    the FAC.

4    86.    Paragraph 86 sets forth a legal conclusion to which no response is necessary. To
5    the extent a response is deemed required, the Secretary denies the allegations in Paragraph 86 of
6    the FAC.

7    87.    Paragraph 87 sets forth a legal conclusion to which no response is necessary. To
8    the extent a response is deemed required, the Secretary denies the allegations in Paragraph 87 of
9    the FAC.

10    88.    Paragraph 88 sets forth a legal conclusion to which no response is necessary. To
11    the extent a response is deemed required, the Secretary denies the allegations in Paragraph 88 of
12    the FAC.

13    89.    Paragraph 89 sets forth a legal conclusion to which no response is necessary. To
14    the extent a response is deemed required, the Secretary denies the allegations in Paragraph 89 of
15    the FAC.

16    90.    The Secretary incorporates by reference each and every response to Paragraphs 1–
17    89 as if specifically asserted herein.

18    91.    Paragraph 91 sets forth a legal conclusion to which no response is necessary. To
19    the extent a response is deemed required, the Secretary admits that the quoted language appears in
20    the cited statute, and that the statute speaks for itself.

21    92.    Paragraph 92 sets forth a legal conclusion to which no response is necessary. To
22    the extent a response is deemed required, the Secretary admits that the quoted language appears in
23    the cited statute, and that the statute speaks for itself.

24    93.    Paragraph 93 sets forth a legal conclusion to which no response is necessary. To
25    the extent a response is deemed required, the Secretary admits that federal law may, in certain
26    circumstances, preempt state law.

27    94.    Paragraph 94 sets forth a legal conclusion to which no response is necessary. To
28    the extent a response is deemed required, the Secretary admits the allegations of Paragraph 94.

95.     Paragraph 95 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary is without sufficient information to form a belief as to the truth of Plaintiffs' allegations in Paragraph 95 of the FAC, and on that basis denies them.

96.     The Secretary admits that the State of California receives federal funds through the United States Election Assistance Commission for use in elections programs and activities, including the Vote-by-Mail Program.

97.     Paragraph 97 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 97 of the FAC.

98.     Paragraph 98 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 98 of the FAC.

99.     Paragraph 99 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 99 of the FAC.

100.    Paragraph 100 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 100 of the FAC.

101.    Paragraph 101 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 101 of the FAC.

102.    The Secretary incorporates by reference each and every response to Paragraphs 1– 101 as if specifically asserted herein.

103.    Paragraph 103 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that the quoted language appears in the cited statute, and that the statute speaks for itself.

104.    Paragraph 104 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary admits that the language of California Government Code section 11135(b) speaks for itself.

105.    The Secretary admits that she administers certain aspects of the vote-by-mail program.

106.    The Secretary admits that the vote-by-mail program is a program or activity that has received substantial state financial assistance.

107.    Paragraph 107 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 107 of the FAC.

108.    Paragraph 108 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 108 of the FAC.

109.    Paragraph 109 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 109 of the FAC.

110.    Paragraph 110 sets forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, the Secretary denies the allegations in Paragraph 110 of the FAC.

The Secretary denies that Plaintiffs are entitled to the relief requested immediately following Paragraph 110, or to any relief whatsoever. To the extent the Prayer for Relief contains any factual allegations, the Secretary denies them.

**DEFENSES**

In addition to the foregoing responses to the allegations in the FAC, and without admitting any allegations contained therein or taking on the burden as to any matter for which the burden falls on Plaintiffs, the Secretary asserts the following defenses based on information and belief. By asserting the following defenses, the Secretary does not knowingly or intentionally waive any additional defense. The Secretary reserves the right to amend this answer and these defenses. The Secretary further reserves the right to assert or rely upon other defenses as may become available or apparent during discovery or other proceedings in this action. The Secretary further reserves the right to rely on defenses raised by other parties in this action.

**FIRST DEFENSE**

(Failure to State a Claim)

1.      Plaintiffs' First Amended Complaint ("FAC") is barred because it fails to state a claim upon which relief may be granted.

2.      Specifically, Plaintiffs' FAC fails to adequately allege any violation of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, or Section 11135(a) of the California Government Code.

**SECOND DEFENSE**

(Lack of Standing)

3.      Plaintiffs' FAC is barred because Plaintiffs lack standing to assert their claims.

4.      Specifically, Plaintiffs' alleged injuries are neither traceable to the Secretary of State nor redressable through any order the Court may issue in this action.

5.      Accordingly, Plaintiffs lack at least two of the irreducible constitutional minimum requirements for standing under Article III of the United States Constitution.

**THIRD DEFENSE**

(Laches)

6.      Plaintiffs' FAC is barred by the equitable doctrine of laches.

7.    Plaintiffs' own FAC asserts full knowledge of all relevant facts which they purport establish their entitlement to relief. Indeed, Plaintiffs acknowledge that their counsel discussed their claims with the Secretary of State at least as early as May 2021.

8.    Upon information and belief, Plaintiffs were in fact aware of the facts giving rise to their claimed injuries for many years. California implemented its first RAVBM system in 2017; at that time, Plaintiffs were aware that the system did not provide for electronic return of ballots marked using the system.

9.    Yet, Plaintiffs unreasonably delayed in bringing this action, waiting until March 8, 2024—in the shadow of a closely contested general election—to file the original complaint in this action.

10.    Plaintiffs' unreasonable delay is prejudicial to the Secretary, at least because Plaintiffs now seek to modify a well-established system with which California's fifty-eight separate county registrars of voters have become intimately familiar.

## FOURTH DEFENSE

### (Meaningful Access)

11.    Plaintiffs are not entitled to relief because they currently have meaningful access to the State's vote-by-mail system, for at least the following reasons.

12.    The State and local county election offices provide myriad mechanisms by which voters with print disabilities may obtain meaningful access to the vote-by-mail program.

13.    The State's RAVBM system is a national model and aligns with the vast majority of states which do not permit electronic return.

14.    By Plaintiffs' own admission, the RAVBM system provides them with the ability to obtain blank ballots electronically and mark their ballots electronically on their own personal devices using compatible assistive technology.

15.    In addition, all in-person polling places are required by law to provide accessible voting systems, which Plaintiffs may use to vote in any election. Plaintiffs may return their mail ballots, in person, to any election officer in California.

16.     Many local jurisdictions offer additional assistance for voters with disabilities, including the option for neutral, independent election officials to visit voters in their homes to assist with completing and returning mail ballots.

17.     Plaintiffs also have a statutory right under state law to select any person to provide them with any necessary assistance in completing their mail ballot.

18.     In view of these current accommodations, the nature of the RAVBM system, and the option to use fully accessible in-person voting systems, the limited assistance Plaintiffs allege they require to complete the final steps of submitting a mail ballot using the RAVBM system does not amount to a lack of meaningful access to the program.

## FIFTH DEFENSE

### (Fundamental Alteration)

19.     Plaintiffs' FAC is barred because they seek a fundamental alteration of the State's vote-by-mail program, for at least the following reasons.

20.     Even if the State's vote-by-mail program failed to provide Plaintiffs with meaningful access—which is does not—the relief Plaintiffs seek here goes beyond that which is authorized under the ADA, Section 504, or the California Government Code.

21.     Fundamentally Plaintiffs seek to impose on the State, through judicial order, a system that would expose voter choices to the Internet for the first time in the State's history.

22.     The California Legislature has long rejected that policy, affirmatively prohibiting voting systems from connecting to the Internet and barring RAVBM systems from transmitting voter choices over the Internet.

23.     Similarly, Plaintiffs seek to impose on the State, again through judicial order, a new method of verifying mail ballots in the first instance using digital signatures. This method may pose additional security concerns.

24.     Permitting voters to verify their ballots using a digitally generated signature and then to return their ballots over the Internet would alter the fundamental character of the State's vote-by-mail system.

25.     In addition, exposing voter choices to the Internet may undermine public confidence in the integrity of the State's elections and results. The State continues to see a trend of distrust in digital voting systems and the mail balloting system generally; undermining public confidence in the system by increasing risk will undermine the core purpose of the program, which is to make voting more convenient and encourage participation in the electoral process. If voters do not trust the system, they will be less likely to use it.

26.     Moreover, Plaintiffs' requested alterations will be disruptive, confusing to voters and county election officials, and may be costly to implement.

## SIXTH DEFENSE

### (Undue Burden)

27.     Plaintiffs' FAC is barred because the modification to the vote-by-mail program they seek amounts to an undue burden, for at least the following reasons.

28.     Plaintiffs seek the imposition of an entirely new system of voting in California, which will require testing, evaluation, regulation, guidance, and implementation.

29.     These changes, including digital signature technologies and electronic ballot return mechanisms, may require counties to purchase new equipment or software, imposing significant expense both with respect to acquisition and on-going maintenance. Counties, many of which have limited budgets, may also need to invest further resources through hiring of technical staff.

30.     In addition, both the Secretary and county officials will be required to invest resources training staff on new systems and procedures, developing and implementing guidance documents and regulations, and educating voters with respect to the new system.

31.     Likewise, the Secretary and county officials will be required to update official outreach materials, including both print and web-based media. This will impose a corresponding obligation to translate the updated materials into a number of languages, adding additional expense and administrative burden.

**SEVENTH DEFENSE**

(Balance of Equities & Public Interest)

32.     Plaintiffs are not entitled to a permanent injunction because the equities and public interest do not favor their requested relief, for at least the following reasons.

33.     Where a defendant is a public entity, the factors governing the balance of the equities and where the public interest lies merge.

34.     In this lawsuit, Plaintiffs seek a fundamental alteration of the vote-by-mail program that will be disruptive, costly to implement, risky, and which may undermine public confidence in the integrity of the State's elections.

35.     These factors strongly disfavor Plaintiffs' requested relief, particularly in the context of elections, where the state has a special interest in security and administration of the vote-by-mail system.

**EIGHTH DEFENSE**

(Failure to Join Indispensable Parties)

36.     Plaintiffs' claims are barred because they have failed to join indispensable parties.

37.     Complete relief in this case is not possible without the participation of each of California's 58 county registrars, who actually administer the vote-by-mail system. All of the changes Plaintiffs seek through a permanent injunction in this action will require county implementation and, as such, they are both necessary and indispensable.

38.     Moreover, county registrars have a cognizable interest in this action, as they will be required to make substantial changes to their vote-by-mail systems, which may include purchasing new equipment or services. County registrars will also be required to undertake significant outreach to affected voters and may face public and media inquiries related to the introduction of Internet ballot return in their jurisdictions.

39.     The counties' interest in this action may be impaired by any relief the Court may order, because it will impose both administrative and financial costs on each county, as well as subjecting each county to new legal obligations with respect to the vote-by-mail system.

1

**PRAYER FOR RELIEF**

2      WHEREFORE, the Secretary of State prays that:

3      40.    Plaintiffs take nothing by reason of their First Amended Complaint;

4      41.    Judgment be entered in favor of the Secretary of State;

5      42.    The Secretary of State be awarded costs incurred in defending this action; and

6      43.    The Secretary of State be awarded any such further relief that the Court may deem

7  just and proper.

8

9
  Dated:  December 16, 2024                    Respectfully submitted,

10
                                               ROB BONTA
11                                             Attorney General of California
                                               MARK R. BECKINGTON
12                                             Supervising Deputy Attorney General
                                               JANE E. REILLEY
13                                             MARIA F. BUXTON
                                               Deputy Attorneys General
14

15

16                                             */s/ Nicholas R. Green*
                                               NICHOLAS R. GREEN
17                                             Deputy Attorney General
                                               *Attorneys for Defendant*
18                                             *California Secretary of State*
                                               *Shirley N. Weber, Ph.D.*
19
  SA2024301128
20  44378388.docx

21

22

23

24

25

26

27

28

24